In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-344 CR


____________________



KAREN YVETTE MILSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 64610






O P I N I O N


 Karen Yvette Milson pleaded guilty to unauthorized use of a motor vehicle. The
offense was a third degree felony on the date of its commission, February 12, 1993. Acts
1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 932. On September 27,
1993, the trial court deferred adjudication, fined Milson $750 and placed her on
community supervision for four years, pursuant to the terms of a plea bargain agreement
between Milson and the State. On July 25, 1997, the trial court extended Milson's
community supervision term to September 27, 1999. 

 On April 21, 1999, the State filed a motion to revoke Milson's supervision. Her
term of community supervision expired on September 27, 1999. On May 26, 2000, the
State filed a first amended motion to revoke unadjudicated probation. The motion was
heard on July 3, 2000. Milson pleaded "true" to count two of the amended motion (1), i.e.
that she had failed to report to her probation officer as directed by the court. The trial
court then revoked her community supervision and adjudicated her guilty of the charged
offense. 

 Milson filed a general notice of appeal that fails to comply with the requirements
of the rules of appellate procedure. Tex. R. App. P. 25.2(b)(3)(A). (2) After appeal was
perfected, Milson's appellate counsel filed a brief in compliance with Anders v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L.Ed. 493 (1967) and High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978). The brief concluded there was no arguable error to support an
appeal. Milson was given an extension of time to file a pro se brief, but did not do so. 
We conducted an independent review, found arguable error, abated the appeal, and
remanded the cause to the trial court for appointment of new appellate counsel. 

 Milson brings one issue. She claims the trial court lacked jurisdiction to revoke her
community supervision based on the first amended motion to revoke that was filed after
the expiration of her community supervision term. 

 Though the State does not contest our jurisdiction, we first must determine whether
we have jurisdiction to hear this matter.

 Milson concedes she filed only a general notice of appeal. And, on June 28, 2001,
when we remanded this cause for appointment of new counsel, it appeared that proper
appellate jurisdiction perhaps existed under Vidaurri v. State, 49 S.W.3d 880, 885 (Tex.
Crim. App. 2001)(Rule 25.2(b)(3) does not apply to appeals challenging issues "unrelated
to" the conviction), which was decided on June 20, 2001.

 Subsequently, our Court of Criminal Appeals clearly has held that Rule
25.2(b)(3)(A) is a procedural requirement that must be followed in cases such as this one
in order to invoke properly an appellate court's jurisdiction. See White v. State, 61
S.W.3d 424 (Tex. Crim. App. 2001). If the jurisdiction of a court of appeals has not been
properly invoked, the appellate court has no power to act. Id. However, as the White
Court explains, an appellant who has failed properly to invoke the appellate court's
jurisdiction under the rule, as is true here, has not waived a claim of jurisdictional error. 
Id. at 428. "A plea-bargaining defendant can challenge the trial court's jurisdiction in an
application for writ of habeas corpus." Id.

 We dismiss Milson's appeal for lack of jurisdiction. 

 APPEAL DISMISSED.



 ________________________________

 DON BURGESS

 Justice


Submitted on November 30, 2001

Opinion Delivered February 6, 2002

Do not publish 


Before Walker, C.J., Burgess, and Gaultney, JJ.

1. While the original motion is not part of the appellate record, the State concedes
that the revocation was based solely on the first amended motion. 
2. Texas Rule of Appellate Procedure 25.2(b)(3) requires a notice of appeal to state
expressly that (1) the appeal is for a jurisdictional defect, (2) the substance of the appeal
was raised in writing and ruled on before trial, or (3) the trial court granted permission to
appeal. See Tex. R. App. P. 25.2(b)(3).