No. 04-00-00644-CR



Tamika Renee JOHNSON,


Appellant



v.



STATE of Texas,


Appellee



From the 263rd Judicial District Court, Harris County, Texas


Trial Court No. 815037


Honorable Jim Wallace, Judge Presiding



Memorandum Opinion



Opinion by: Paul W. Green, Justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: May 22, 2002


DISMISSED IN PART FOR LACK OF JURISDICTION; AFFIRMED

 Tamika Renee Johnson entered a plea of guilty to a charge of forgery, and in
accordance with a plea agreement, was placed on deferred adjudication for three years. She
appeals the revocation of her deferred adjudication and the trial court's imposition of
sentence for sixteen months in prison. Because the issues in this appeal involve the
application of well-settled principles of law, we dismiss Johnson's appeal in part and
overrule her remaining issue in this memorandum opinion. Tex. R. App. P. 47.1. We affirm
the conviction for the following reasons:

 1. In her first issue, Johnson complains the trial court failed to give her the
opportunity to present mitigating evidence at a separate sentencing hearing. Not
withstanding the limitations of Tex. R. App. P. 25.2(b)(3), we have jurisdiction to consider
an appeal complaining of the process by which a defendant is sentenced following the trial
court's decision to adjudicate guilt pursuant to Tex. Code Crim. Pro. Ann. art. 42.12 § 5(b)
(Vernon Supp. 2002). Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001).
However, because Johnson testified during the revocation proceedings and did not either
object at trial to the trial court's pronouncement of sentence or include the issue in her
motion for new trial, she waived her first point of error. Tex. R. App. P. 33.1(a); Vidaurri,
49 S.W.3d at 886; Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999).
Furthermore, because the record does not show what additional mitigating evidence Johnson
might have presented during a punishment hearing, she failed to show that her trial counsel
was ineffective in not raising the issue in the motion for new trial. Hardeman v. State, 1
S.W.3d 689, 690-91 (Tex. Crim. App. 1999). Johnson's first issue is overruled.

 2. In her second issue, Johnson complains the evidence was insufficient to
support the trial court's finding that she violated the conditions of her probation. This point
of error challenges the trial court's determination to proceed with an adjudication of guilt.
We lack jurisdiction to review the trial court's "determination . . . of whether it proceeds
with an adjudication of guilt on the original charge." Tex. Code Crim. Proc. Ann.
42.12, § 5(b) (Vernon Supp. 2002); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim.
App. 1999). The appeal is dismissed in part for lack of jurisdiction and the judgment
of the trial court is affirmed.



 Paul W. Green, Justice

Do Not Publish