**Gary Jefferson VIDAURRI, Appellant,**

v.

**The STATE of Texas.**

**No. 151–99.**

Court of Criminal Appeals of Texas, En Banc.

June 20, 2001.

11. *See* § 12.42(d).

Elyse D. Blount, Amarillo, for Appellant.

John L. Owen, Asst. DA, Amarillo, for State.

## OPINION

MEYERS, J., delivered the opinion of the Court, joined by HOLLAND, PRICE, HOLCOMB, and HERVEY, JJ.

Appellant entered a plea of guilty to a felony charge of indecency with a child and, pursuant to a plea bargain, was placed on ten years deferred adjudication. The State subsequently filed a Motion to Proceed with Adjudication of Guilt, alleging appellant had violated three of his deferred adjudication conditions. Appellant pled not true to all three alleged violations, was tried in the District Court and adjudicated guilty of the original charge. Appellant was immediately sentenced to twelve years in the Texas Department of Corrections.

On appeal, appellant argued the trial court erred in failing to afford him a punishment hearing prior to sentencing. The Seventh Court of Appeals, noting that appellant filed a general notice of appeal, held that Texas Rule of Appellate Procedure 25.2(b)(3) prevented the court from exercising jurisdiction over appellant's claim and dismissed that portion of the appeal.[1] The appellate court reasoned that, when appellant pled guilty and was placed on deferred adjudication pursuant to a plea bargain, his appeal became subject to the Rule 25.2(b)(3) restrictions, relying on *Watson v. State*, 924 S.W.2d 711 (Tex.Crim.App.1996). Because appellant had not met any of the Rule 25.2(b)(3) requirements, the appellate court held that it could only address points of error concerning jurisdictional defects or the voluntariness of his plea.[2] Because appellant's claim that the trial court improperly denied him a punishment hearing was not a jurisdictional defect, the Court of Appeals held it could not be considered. The appellate court went on to add that, even if it had jurisdiction to consider appellant's claim, appellant waived any potential complaint by failing to object to the error when it occurred or afterwards. *Vidaurri v. State*, 981 S.W.2d 478 (Tex.App.—Amarillo 1998).

We granted appellant's petition for discretionary review to determine whether

---

1. Texas Rule of Appellate Procedure 25.2(b)(3) provides:

 But if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, the notice must:
 (A) specify that the appeal is for a jurisdictional defect;
 (B) specify that the substance of the appeal was raised by written motion and ruled on before trial; or

(C) state that the trial court granted permission to appeal.

2. We note that we have recently held that a challenge to the voluntariness of a defendant's plea is not exempt from the Rule 25.2(b)(3) limitations. *Cooper v. State*, 45 S.W.3d 77, 83 (Tex.Crim.App.2001).

 The Court of Appeals also addressed appellant's claim that his plea was involuntary, holding that there was no evidence to support such a claim and affirming appellant's conviction.

the Court of Appeals erred in holding that Rule 25.2(b)(3) limits appellant's right to appeal even though appellant pled not true to the alleged violations of the deferred adjudication conditions and, if the appellate court was in error, whether it was also error to hold appellant waived any potential complaint by failing to object to the lack of a separate punishment hearing.[3]

## II.

Appellant first claims that Rule 25.2(b)(3) is not applicable to his case because he pled not true to the alleged violations of the deferred adjudication conditions. Appellant refers to the lower court's reliance on *Watson v. State, supra,* as "misplaced", arguing that *Watson* is not controlling here because the defendant in *Watson* pled true to the alleged violations of the deferred adjudication conditions. Appellant argues that because he pled not true to the alleged violations there was no "plea of guilty" and his appeal is not limited by Rule 25.2(b)(3).

We explained in *Watson* that, "when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law." *Watson,* 924 S.W.2d at 714. Therefore, when a defendant pleads guilty in exchange for deferred adjudication, that initial plea triggers the application of Rule 40(b)(1), now Rule 25.2(b)(3), limitations to his appeal. *Id.* at 715.

Although the defendant in *Watson* pled true to the alleged violations of the deferred adjudication conditions, our opinion did not rely on that fact when we held that the appeal was limited by Rule 40(b)(1), now Rule 25.2(b)(3). With the exception of a brief reference to the defendant's plea of true in the facts, the plea entered regarding the alleged violations of the deferred adjudication conditions was not referred to at all in our opinion. Rather, our analysis focused on the nature of the plea made in exchange for the State's recommendation of deferred adjudication:

> a defendant who trades a plea of guilty or nolo contendere for a recommendation by the prosecutor that a judgment of guilt be delayed while he serves a period of community supervision necessarily accepts, at least in the absence of some express agreement to the contrary, that the prosecutor is making no recommendation at all concerning the term of years he may be required to serve if his probation is later revoked and the trial court proceeds to adjudicate him guilty of the charged offense.

*Id.* at 714. The defendant's knowledge, at the time of his original plea, that he might receive any sentence within the range allowed by law means that "the punishment assessed did not exceed the punishment

---

3. Appellant's first ground for review asks:
 Should Rule 25.2b3 of the Texas Rules of Appellate Procedure apply when the defendant is appealing from a contested probation revocation hearing?
 Appellant presents three arguments in support of this ground. Appellant first argues that Rule 25.2(b)(3) is not applicable to his case. Appellant's second argument maintains that if Rule 25.2(b)(3) does apply here, it is a violation of the equal protection and due process clauses of the federal and state Constitu-

tions. Appellant's final argument is that if Rule 25.2(b)(3) applies to his case, it violates Texas Code of Criminal Procedure Article 1.15. Due to our disposition of the first argument, we need not address appellant's statutory and constitutional challenges to Rule 25.2(b)(3).
 Appellant's second ground for review asks:
 If a defendant did not have an opportunity to object at trial, is the filing of a motion for new trial a prerequisite to presenting a point of error on appeal?

recommended by the prosecutor and agreed to by the defendant" and Rule 25.2(b)(3) applies. There is nothing in *Watson* to suggest that this reasoning is affected by whether the defendant pled true or not true to the alleged violations of deferred adjudication conditions. It is the defendant's initial plea of guilty or nolo contendere to the charged offense which warrants application of Rule 25.2(b)(3), not the later plea of true or not true to the alleged violations.

In *Ex Parte Howard*, 685 S.W.2d 672 (Tex.Crim.App.1985), this Court held the defendant's right to appeal was limited by Code of Criminal Procedure Article 44.02, now Rule 25.2(b)(3). Although we noted that "[i]t should be kept in mind that [appellant's] plea of 'true' to the allegations of the motion to proceed to adjudication was also made pursuant to a plea bargain," there was no indication by the Court that this fact played any part in the decision to apply the appeal limitations to the defendant's case. *Id.* at 673 n. 2. Later, in *Brown v. State*, 943 S.W.2d 35 (Tex.Crim. App.1997), we reaffirmed the holding in *Watson* with no mention of any distinction between defendants who plead true to the alleged violations of deferred adjudication conditions and defendants who plead not true. The Court stated that "a plea-bargaining defendant has no avenue for relief. Under Texas Rule of Appellate Procedure 40(b)(1) [now Rule 25.2(b)(3) ], a plea-bargaining defendant is barred from appealing nonjurisdictional errors occurring before and after entry of his plea unless: (1) the trial court gives permission to appeal; or (2) the matter to be appealed was raised by written motion and ruled on before trial." *Id.* at 41 (citing Rule 40(b)(1) and *Lyon v. State*, 872 S.W.2d 732 (Tex.Crim. App.), *cert. denied*, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994)).

In all of the above-referenced cases we based our decision to apply Rule 25.2(b)(3) appeal limitations to appeals from adjudication of guilt on the nature of the initial plea-bargaining process, not on the plea of the defendant as to the State's allegations regarding violation of deferred adjudication conditions at the adjudication hearing. Because the defendant is appealing the sentence he received based on his initial plea of guilty to the original charge, his plea to the alleged violations of the deferred adjudication conditions is irrelevant. There is nothing in the language of Rule 25.2(b)(3) that would indicate otherwise, nor have we ever maintained that the defendant's plea concerning the alleged violations of deferred adjudication conditions hearing impacts his right to appeal.

### III.

■ Appellant next argues that a defendant who contests the alleged violations of the deferred adjudication conditions is in the same position as a defendant contesting regular probation revocation and Rule 25.2(b)(3) limitations should not apply under *Feagin v. State*, 967 S.W.2d 417 (Tex. Crim.App.1998). In *Feagin*, the defendant was convicted, sentenced and placed on probation. The State later filed a motion to revoke probation. The defendant filed a motion to dismiss the State's motion to revoke probation on the ground that the State failed to exercise due diligence in apprehending her. *Id.* at 418. The defendant's motion was denied by the trial court and the defendant's probation was revoked and she was sentenced. The defendant appealed the denial of her motion. The State argued that the appellate court did not have jurisdiction over the appeal under Rule 40(b)(1), now Rule 25.2(b)(3). The Court of Appeals disagreed, holding that Rule 40(b)(1) did not apply because the plea agreement was separate from the probation revocation hearing. This Court af-

firmed the appellate court's decision, holding that Rule 40(b)(1), now Rule 25.2(b)(3), is inapplicable to appeals attacking the propriety of orders revoking probation, even though the probation was a result of a guilty plea. *Id.* at 419.

Our analysis in *Feagin* focused on one of the main purposes of Rule 25.2(b)(3), judicial economy:

> A significant advantage of plea bargaining is that appellate review of disputed legal issues can be expedited by exchanging a plea of guilty for a punishment recommendation. Substantial judicial resources are thereby conserved, because the State can secure an acceptable disposition of a pending criminal case and the defendant can obtain expeditious appellate review of contested legal matters without the necessity of a full adversarial trial.

*Id.* at 429 (citing *Watson v. State*, 924 S.W.2d 711, 714 (Tex.Crim.App.1996)). The restrictions which ensure judicial economy, limitations on the defendant's right to appeal a conviction based on a plea bargain, are applicable to appeals concerning the conviction itself. But if a defendant is appealing an "issue which [is] unrelated to [his] conviction," then Rule 25.2(b)(3) should not apply because the purpose behind the Rule is not served. *See id.* at 420.

We note that our holding in *Watson* was narrowed by our holding in *Feagin*. As discussed previously, *Watson* broadly held that when a defendant pleads guilty or nolo contendere and is sentenced in accordance with a plea bargain agreement, appeal from his subsequent adjudication of guilt is subject to the restrictions of former Rule 40(b)(1), now Rule 25.2(b)(3). But the focus in *Watson* was on whether the sentence to a term of years upon revocation and adjudication was a sentence in accordance with the prosecutor's recom-

mendation pursuant to the plea agreement, so as to bring an appeal therefrom within Rule 40(b)(1), now Rule 25.2(b)(3). *Watson* did not contemplate that there might be a difference in the nature of the issues appealed after adjudication of guilt. *Feagin* distinguished between appeals of issues relating to the conviction and appeals regarding issues separate from the conviction, holding that only the former are limited by Rule 40(b)(1), now Rule 25.2(b)(3). *Id.* at 419.

After *Feagin*, we addressed the question of whether a defendant who is placed on deferred adjudication and is later adjudicated guilty, may appeal an alleged error in the original plea proceeding. *Manuel v. State*, 994 S.W.2d 658 (Tex.Crim.App. 1999). We held that the defendant was prevented from claiming error in the original plea proceeding because the appeal was not taken when the conditions of deferred adjudication were originally imposed. *Id.* at 662. *Manuel* equated appeals from regular probation with appeals from deferred adjudication and the subsequent adjudication of guilt. In the same way that a defendant who is placed on regular community supervision may raise issues relating to his conviction only in appeals taken when community supervision is originally imposed and not after community supervision is revoked, likewise, a defendant placed on deferred adjudication may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication is imposed and not after guilt is adjudicated. *Id.* at 661.

 Read in conjunction, *Feagin* and *Manuel* define more narrowly than *Watson* the issues on which and the circumstances in which a defendant may appeal in the context of deferred adjudication and the subsequent adjudication of guilt. *Watson* is disavowed to the extent it conflicts

with these later cases. We note, however, that *Watson* still stands for the proposition addressed in Part II of this opinion, that "when a prosecutor recommends deferred adjudication in exchange for a defendant's plea of guilty or nolo contendere, the trial judge does not exceed that recommendation if, upon proceeding to an adjudication of guilt, he later assesses any punishment within the range allowed by law." *Watson*, 924 S.W.2d at 714.

In the case before us, appellant attempted to appeal a claim that he was denied a separate punishment hearing after the trial judge adjudicated him guilty. We have previously held that a defendant "is *entitled* to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused the opportunity to present evidence." *Issa v. State*, 826 S.W.2d 159 at 161 (Tex.Crim.App. 1992).[4] The Court of Appeals found it did not have jurisdiction over appellant's appeal because Rule 25.2(b)(3) prohibited it. However, appellant's claim that he was deprived of a separate punishment hearing does not challenge his conviction, it challenges the process by which he was sentenced, an issue "unrelated to [his] conviction." *Feagin*, 967 S.W.2d at 419. Therefore, the Rule 25.2(b)(3) limitations do not apply to appellant's claim and the Court of Appeals erred in finding that it lacked jurisdiction to consider appellant's claim.

## IV.

■ Appellant's second ground for review claims that "the court of appeals erred by holding that appellant had failed to preserve error in the trial court by failing to object timely and failing to file a motion for new trial when the trial court did not allow appellant the opportunity to present punishment evidence."

After stating that it did not have jurisdiction over appellant's claim, the Court of Appeals went on to hold that, "even if jurisdiction existed ... appellant neither objected to the error at the time it occurred nor otherwise brought it to the trial court's attention afterwards. Under such circumstances, the complaint was waived." *Vidaurri*, 981 S.W.2d at 480.

Texas Rule of Appellate Procedure 33.1 governs the preservation of complaints for appeal. Rule 33.1 provides in part:

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context

Appellant admits that he did not object to his inability to present punishment evidence at the time of sentencing, but claims that he was sentenced immediately after being adjudicated guilty, leaving no time to lodge such an objection. Appellant goes on to acknowledge that he did not file a motion for a new trial in order to bring his objection to the attention of the trial court. However, appellant claims that his failure to file a motion for new trial should not prevent him from claiming error on appeal because "a motion for new trial is a prerequisite to presenting a point of error ... only when necessary to adduce facts not in the record." TEX. R. APP. PROC. 21.2.

---

**4.** *Issa* did not address the applicability of the Rule 25.2(b)(3) limitations when the appellant is claiming the trial court erred in depriving him of a separate punishment hearing.

Rule 33.1 ensures that trial courts are provided the opportunity to correct their own errors before a case need be appealed. If a defendant fails to inform the trial judge of the potential error through a "timely request, objection, or motion", there is no such opportunity for correction at the trial level. It is for this reason that defendants must object to alleged errors on the record before those errors may be appealed. *See Dunn v. State*, 819 S.W.2d 510, 524–25 (Tex.Crim.App.1991), *cert. denied*, 506 U.S. 834, 113 S.Ct. 105, 121 L.Ed.2d 63 (1992) (discussing the importance of specific objections as required under Rule 52, predecessor to Rule 33.1).

In *Issa* we held that because the defendant's requests to present punishment evidence were denied, and he was prevented from objecting at the time of sentencing, he was permitted to raise his claim of error for the first time in a motion for new trial.[5] *Issa*, 826 S.W.2d at 161. We later reaffirmed *Issa* stating that, when a defendant is "improperly sentenced without the opportunity to present evidence prior to sentencing . . . the error is preserved by raising it in a motion for new trial." *Pearson v. State*, 994 S.W.2d 176 (Tex.Crim. App.1999).

Appellant argues that he was not required to file a motion for new trial to preserve his point of error under Rule 21.2 because it was not "necessary to adduce facts not in the record." But, the fact that appellant had an objection to having been prevented from offering punishment evidence was a fact not in the record. Rule 21.2 is not limited to "evidentiary facts" not in the record.[6] Although appellant was entitled to a separate punishment hearing, it is a statutory right which can be waived. *See Issa*, 826 S.W.2d at 161. The trial judge should have been given an opportunity to allow appellant to present punishment evidence or to make a ruling denying appellant such an opportunity. Assuming appellant was, as he alleges, prevented from doing so by request or objection, he should have brought the issue to the attention of the trial court with a motion for new trial.

## V.

The Court of Appeals erred in holding that Texas Rule of Appellate Procedure 25.2(b)(3) limits a defendant's right to appeal when the appeal concerns an issue separate from the defendant's conviction. However, the Court of Appeals correctly ruled that appellant failed to preserve error by failing to file a motion for new trial.

---

**5.** In *Issa*, this Court held that although the defendant failed to object regarding his inability to present punishment evidence, he was actually precluded from doing so by the trial court's actions. In that case, the defendant requested permission to present punishment evidence but was denied. At the conclusion of the hearing, the trial judge stated in one proclamation that the defendant's probation was revoked, adjudicated him guilty and delivered his sentence, effectively preventing the defendant from objecting to his inability to present punishment evidence.

**6.** Rule 21.2 states:
A motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record.

The plain language of the rule uses a general term, "facts", indicating that the "facts not in the record" can be *any* facts. If the legislature had intended to limit Rule 21.2 to evidentiary facts, it could have specified as much. Because there is no such specification, we will interpret the phrase to include all facts related to the proceedings, including objections of the parties. This interpretation of the rule is in keeping with our policy stressing the importance of trial courts having the opportunity to correct potential errors before those errors are appealed.

The judgment of the Court of Appeals is reversed in part and affirmed in part.[7]

WOMACK, J., filed a concurring opinion.

JOHNSON, J., filed a concurring opinion.

KELLER, P.J., filed a dissenting opinion, joined by KEASLER, J.

WOMACK, J., filed a concurring opinion.

For the reasons given by Judge Johnson in her concurring opinion, *post*, the rule that limits appeal in plea-bargaining cases has nothing to do with this case. As the Presiding Judge says in her dissenting opinion, *post* at 881, the Court has today silently overruled *Watson*.[1] I, like others, think *Watson* was obviously wrong and would say so explicitly.[2] The statements in parts II and III of the Court's opinion, *ante*, can only lead to confusion.

In part IV the Court says that "a separate punishment hearing … is a statutory right that can be waived," *ante* at 886. But the appellant's failure to move for a new trial cannot be a waiver, as we have taken great pains to point out.

> Waivable rights … do not vanish so easily. Although a litigant might give them up and, indeed, has a right to do so, he is never deemed to have done so in fact unless he says so plainly, freely, and intelligently, sometimes in writing

and always on the record. He need make no request at trial for the implementation of such rights, as the judge has an independent duty to implement them absent an effective waiver by him. As a consequence, failure of the judge to implement them at trial is an error which might be urged on appeal whether or not it was first urged in the trial court.[3]

Has the Court silently overruled that holding as well?

I join only the judgment of the Court.

**JOHNSON, J., concurring.**

I agree with the majority that appellant waived objection to the lack of a punishment hearing by failing to bring his complaint to the attention of the trial court. As to the question of the applicability of T.R.A.P. 25.2(b)(3), I concur in the result, but do not agree with the reasoning.

The reality of plea bargaining in regard to a deferred adjudication is that the bargaining is done at the time the defendant is placed on deferred adjudication. At that time, the plea bargain, i.e., the agreed grant of deferred adjudication (and usually its agreed length) is complete. At an adjudication hearing, unless a second bargain as to punishment is reached, there is no plea agreement, and thus, by its plain language, Rule 25.2(b)(3), which is applicable when "the punishment assessed did not

---

**7.** We reverse to the extent that the Court of Appeals dismissed the appeal for want of jurisdiction. We affirm the appellate court's alternate holding that appellant waived any error by failing to object at the time of the error or afterwards.

**1.** *Watson v. State*, 924 S.W.2d 711 (Tex.Cr. App.1996).

**2.** *See Okigbo v. State*, 960 S.W.2d 923, 925 (Tex.App.—Houston [1st.Dist.] 1998, pet. ref'd) (Taft, J., concurring) (pointing out that

*Watson* simultaneously said that there was no plea recommendation and that the sentence did not exceed the plea recommendation, and urging this Court to consider in such a case "that the judgment is based not on the original plea, but rather on the trial court's granting the State's motion to adjudicate in a contested proceeding").

**3.** *Marin v. State*, 851 S.W.2d 275, 280 (Tex.Cr. App.1993) (Meyers, J.).

exceed the punishment recommended by the prosecutor and agreed to by the defendant," does not apply.

When a person is placed on deferred adjudication, there is no finding of guilt and, therefore, no conviction. Without a conviction, no punishment can be assessed. Only after an adjudication hearing which results in adjudication and conviction can a punishment be meted out. This is precisely the time at which there is unlikely to be an agreement between the state and the defendant about the punishment to be assessed. There is nothing in the record here to indicate that the state and appellant had an agreement for the assessment of imprisonment for twelve years. There being no agreement, Rule 25.2(b)(3) does not apply.

I concur in the judgment.

KELLER, P.J., filed a dissenting opinion in which KEASLER, J., joined.

It appears to me that the Court's opinion is contrary to both *Watson*[1] and *Manuel.*[2] In *Watson,* the trial court placed the defendant on deferred adjudication probation in accordance with a plea agreement.[3] The defendant was later adjudicated guilty without a plea agreement and sentenced to ten years in prison.[4] On her appeal of the sentence (imposed after adjudication), the defendant complained that "she was punished without due course of law because the trial judge decided to give her a ten-year sentence before even adjudicating her

guilty."[5] We held that former Texas Rule of Appellate Procedure 40(b)(1)(now Rule 25.2(b)(3)) prevented her from raising this complaint.[6]

Two important aspects of *Watson* should be noticed: (1) the case involved an alleged *punishment* error, and (2) we applied Rule 40(b)(1) to the appeal from *adjudication.* The Court's opinion today would hold appealable the very type of claim we held in *Watson* to be barred. As a result, the Court appears to have overruled *Watson* without saying so.

The Court contends, however, that its holding merely limits *Watson* and that such result follows from *Feagin*[7] and *Manuel.* I see several problems with this reasoning. First, *Watson* never purported to address whether original plea issues could be raised on an appeal from a sentence imposed after adjudication. Because the case involved a punishment issue, there was no occasion to address what principles might have applied to original plea issues. Whether the original plea could be attacked in a post-adjudication appeal was an issue we had expressly left open in *Dillehey*[8] and then later resolved in *Manuel.*

Second, *Feagin* involved *regular* probation rather than deferred adjudication.[9] In the deferred adjudication context, punishment proceedings after adjudication are considered a continuation of the criminal prosecution, but in the regular probation

1. *Watson v. State,* 924 S.W.2d 711 (Tex.Crim. App.1996).

2. *Manuel v. State,* 994 S.W.2d 658 (Tex.Crim. App.1999).

3. 924 S.W.2d at 712.

4. *Id.*

5. *Id.*

6. *Id.* at 713–715

7. *Feagin v. State,* 967 S.W.2d 417 (Tex.Crim. App.1998).

8. *Dillehey v. State,* 815 S.W.2d 623, 626 n. 7 (Tex.Crim.App.1991).

9. 967 S.W.2d at 418.

context, there is no continuation of proceedings:

> After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.[10]

As we explained in *Feagin*, the defendant's appeal involved an issue that was unrelated to her conviction because it was an attack on the attempted revocation.[11] *Feagin* relied upon *Whetstone*,[12] a case decided well before *Watson*.[13] *Feagin* cited the State's reliance upon *Watson* but did not in any way disavow anything we had said in *Watson*.[14] The inescapable conclusion is that *Feagin* did not modify *Watson* but simply found *Watson*, dealing as it did with deferred adjudication, to be inapplicable to the regular probation setting.

Finally, *Manuel* expressly recognized the legitimacy of applying former Rule 40(b)(1)(now Rule 25.2(b)(3)) to post-adjudication appeals:

> There is a second reason why the court of appeals did not err in refusing to address the merits of appellant's claim. As the record reflects, appellant's general notice of appeal, even assuming it was timely, did not comply with Texas Rule of Appellate Procedure 40(b)(1), because it did not state—indeed could not truthfully state—that the trial court had given permission for the appeal. See footnote two, supra, and accompanying text.

Thus the court of appeals lacked jurisdiction over the appeal.[15]

While *Manuel* involved original plea issues rather than punishment issues, that fact is not a relevant distinction under Rule 25.2(b)(3). The rule either extends to post-adjudication appeals or it does not. Because *Manuel* reaffirmed that the rule does apply, then it applies for all purposes.

For deferred adjudications, the Legislature appears to have set up a two-stage appeal. The first stage occurs after the imposition of deferred adjudication, and at that stage, the defendant may raise issues relating to the plea proceedings. The second stage occurs after adjudication of guilt, and at this latter stage, the defendant may raise issues relating to the imposition of punishment. Rule 25.2(b)(3) applies to both stages of the appeal although each stage may be devoted to different issues. While *Manuel* recognized similarities between regular and deferred probation, they are different in that adjudication of guilt and assessment of punishment are considered to be a continuation of the criminal prosecution. And, if one is placed on deferred adjudication and later adjudicated guilty, the trial court could still impose regular probation as the punishment. While rule 25.2(b)(3) logically applies to appeals after adjudication, under *Feagin* the rule would not apply to an appeal from a subsequent revocation of regular probation because the revocation of regular probation is not considered to be a continuation of the criminal prosecution, but a completely separate proceeding.

---

**10.** Texas Code of Criminal Procedure, Article 42.12 § 5(b).

**11.** 967 S.W.2d at 419.

**12.** *Whetstone v. State*, 786 S.W.2d 361, 363 (Tex.Crim.App.1990).

**13.** *Feagin*, 967 S.W.2d at 419.

**14.** *Feagin, supra.*

**15.** 994 S.W.2d at 662 (footnote omitted).

I would affirm the Court of Appeals's decision to dismiss for want of jurisdiction. Because the Court reverses that decision, I respectfully dissent.