NO. 12-01-00189-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




BRYANT TATUM,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW OF


THE STATE OF TEXAS,

APPELLEE
§
 ANDERSON COUNTY, TEXAS







PER CURIAM
 

 Appellant Bryant Tatum appeals the trial court's order modifying and revoking his previous
placement on probation and subsequent commitment to the Texas Youth Commission. In one issue,
Appellant complains that he was denied his due process rights of a hearing before a fair and impartial
tribunal. We affirm.

 In 1999, Appellant was adjudicated as a delinquent child, at which time he was placed on
probation until his eighteenth birthday. In 2001, the State filed a Petition to Modify Disposition. 
At a hearing on the petition, Appellant pleaded true to multiple allegations in the State's motion. 
At the conclusion of the hearing, the trial court modified Appellant's probation and committed
Appellant to the Texas Youth Commission. On appeal, Appellant contends that the trial court based
his ruling on evidence outside the record. 

 Appellant cites State v. Kemp, 846 S.W.2d 289 (Tex. Crim. App. 1992) for the proposition
that a defendant is denied due process where a judge exhibits bias that stems "from an extra-judicial
source and [that results] in an opinion on the merits on some basis other than what the judge learned
from his participation in the case." Id. at 306. Appellant asserts that the following statement by the
trial judge when he made the ruling in the present case proves just such a bias.



 Mr. Tatum, I've said for months in this courtroom, every time I turned around it was a juvenile case
and you know whose name they were pointing at? Yours and your brother's. Now, whether you were
this mastermind of these upteen hundred felonies, I don't know, but let me tell you, you were the fault
for every plea I've heard. Not one, not two, three, four, five, six, I don't know how many kids came
in here and said, Well, I was just following Bryant and Billy Tatum.


We are unable to address the merits of the argument, however, because Appellant failed to preserve
error on this issue. 

 Texas Rule of Appellate Procedure 33.1 provides in part that "as a prerequisite to presenting
a complaint for appellate review," a timely request, objection or motion must be made and ruled
upon by the trial court. This rule ensures that trial courts are provided an opportunity to correct their
own mistakes at the most convenient and appropriate time - when the mistakes are alleged to have
been made. See Vidaurri v. State, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); Aguilar v. State,
26 S.W.3d 901, 905-06 (Tex. Crim. App. 2000). The same rule applies to allegations of due process
violations in juvenile cases. Hull v. State, 2002 Tex. Crim. App. LEXIS 16, at *5-7 (Tex. Crim.
App. Jan. 30, 2002). In the case before us, Appellant neither objected at the hearing after the judge
made the allegedly biased ruling, nor filed a motion for new trial. Consequently, he failed to
preserve the issue for appellate review. Accordingly, we affirm. 

 

Opinion delivered March 11, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.









 

(DO NOT PUBLISH)