NO. 07-01-0327-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 20, 2002

_____


FAUSTINO M. DIAZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434858; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In a single issue, appellant Faustino M. Diaz, Jr. argues his conviction for the felony grade offense of driving while intoxicated must be reversed. The punishment, enhanced because of two prior convictions of driving while intoxicated, was assessed by the trial court at 35 years incarceration in the Institutional Division of the Department of Criminal Justice. Disagreeing that reversal is required, we affirm the judgment of the trial court.

Appellant's complaint arises out of the prosecutor's alleged failure to disclose evidence in response to an agreed discovery order. A brief discussion of the facts underlying appellant's prosecution is helpful in discussing the question before us. On the evening of September 5, 2000, a motorist on Loop 289 in Lubbock notified police of a motor vehicle being driven erratically. Lubbock Police Officer Michael Shipman responded to the call, followed the car, and eventually pulled it over. Officer Brett Heilman also responded to the call to assist Shipman. Predictably, appellant was the driver of the suspect vehicle. A video camera in Shipman's car recorded the stop, as well as the field sobriety test administered by the officers. The officers determined appellant was intoxicated and arrested him. At the police intake center, a video camera recorded appellant's refusal to submit to a breath test. Both videotapes were received into evidence without objection.

Appellant sought, and by agreement was granted, a pretrial order seeking discovery of 19 classes[1] of items, including all exculpatory statements or other evidence favorable to appellant and material to the issues of guilt or punishment. After the first trial day, a police officer involved in the case informed the prosecutor the officers had found beer cans in appellant's vehicle when it was inventoried. The prosecutor informed defense counsel of this occurrence that evening. When the proceedings resumed the next day, the prosecutor told the trial judge about the additional evidence, stating that the police officers

---

[1]This generic motion included some items not relevant to the facts of this case, such as evidence of the "character of the alleged victim."

2

found "five empty beer cans in the car." Although this information appeared on the written inventory, that inventory had not been provided to the prosecutors and it was not included in the officers' reports.

Because the evidence had not been supplied earlier to defense counsel, he objected to its admission as violative of the discovery motion which, he argued, "instructed [the State] to permit me to see any physical evidence that was gathered at the scene or advise me of any physical evidence that was going to be offered into evidence." However, he did not request a continuance to give him the opportunity to investigate the new evidence. The trial court allowed defense counsel to make his objection to the evidence outside the presence of the jury and ruled the officers could testify as to what they saw, but prohibited the introduction of physical evidence. After the defense cross-examination, on its redirect examination, the State queried one of the officers about the items found during the post-arrest vehicle inventory. He replied:

> There were some – I believe there were beer cans or bottles in the vehicle and I believe there was a cooler in the trunk of the vehicle when we opened it up. And I can't say for sure if there was any alcoholic beverages in the cooler or not. But I believe inside the vehicle we found some bottles of beer and some cans of beer.

When asked if the bottles or cans were empty or full, the officer testified that he could not recall. He also stated that the containers were not collected as evidence because they were not contraband and "because I didn't know if he was drinking them or

3

not in the car," but that they were "clues" supporting the officer's conclusion that appellant had been drinking.[2]

Appellant now argues 1) the trial court erred in admitting the testimony because it was not disclosed in response to the discovery order, and 2) the officer's testimony was so different from the State's representation as to what it would be as to deprive appellant of his right of cross-examination and effective assistance of counsel.

In support of his first proposition, appellant cites the seminal case of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which established a prosecutor's duty to disclose exculpatory material to defense counsel. He also relies on *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), for the proposition that prosecutors have an affirmative duty to discover any evidence favorable to the defense in the possession of other government actors, including police.

The first question we must decide is whether the testimony in question was material and exculpatory within the *Brady* purview, or was it otherwise within the discovery order. Evidence is material if there is a reasonable probability that if the evidence had been disclosed, the outcome of the proceeding would have been different. *U.S. v. Bagley*, 473 U.S. 667, 681-82, 105 S.Ct. 3375, 87 L.Ed.2d 481(1985). In this appeal, appellant argues the additional evidence falls within the *Brady* scope because it "could have been favorable

---

[2]Despite the officer's testimony that the can did not evidence appellant had drunk beer in the car, in his closing argument, the prosecutor used that testimony to support the statement "we know he had been drinking that night."

4

to appellant" that the officer could not recall whether the beer containers were full or empty. Although he admits the testimony that the containers were empty would not be favorable to him, he posits that the officer's inability to remember would have enabled him to argue "they must have been full, otherwise [the officer] would have remembered empty beer containers . . . and would have reflected such a fact in his report." Thus, he reasons, the information should have been revealed to him earlier. However, acceptance of this argument would require us to speculate as to how the jury would view facially ambiguous evidence. Because of its ambiguity, the evidence falls short of the *Bagley* explication. Moreover, the evidence was not actually withheld from the defendant as was contemplated in *Brady*. Rather, the evidence was actually presented in open court to the jury and appellant was not deprived of the opportunity to argue its effect to the jury if he desired to do so.

We must next consider whether the challenged material fell within the requisites of the discovery motion. In his initial objection to its receipt into evidence, appellant argues his motion covered *any* physical evidence that would be introduced at trial. However, the motion did not actually contain that provision. Supporting his objection, appellant cites provisions 7 and 19 of the motion, which address "all statements . . . which tend to exculpate defendant or mitigate punishment," as well as evidence which is "favorable to [the] defendant and material to guilt or to punishment." As we have discussed above, the evidence of beer containers in the car was not exculpatory and thus was not within the discovery motion.

Appellant's second argument is that the actual trial testimony by Officer Shipman was so different from what the prosecutor described to him that it surprised him and, by doing so, effectively denied him his due process right of cross-examination, thereby depriving him of reasonably effective assistance of trial counsel. However, his failure to request a continuance waived any error. *See Williams v. State,* 995 S.W.2d 754, 762 (Tex. App.--San Antonio 1999, no pet.). By failing to request a continuance to investigate the "new" evidence, appellant denied the trial court an opportunity to correct any error and proceed with the trial. *Vidaurri v. State*, 49 S.W.3d 880, 886 *(*Tex.Crim.App. 2001); Tex. R. App. P. 33.1. Any error was waived.

In summary, appellant's issue is overruled and the judgment of the trial court is affirmed.

John T. Boyd
Chief Justice

Do not publish.