COURT OF
APPEALS

                                                    EIGHTH DISTRICT
OF TEXAS

                                                               EL
PASO, TEXAS

 

                                                                              )     

MAYELA
GUERRERO,                                       )                    No. 
08-01-00384-CR

                                                                              )

Appellant,                          )                             Appeal from

                                                                              )     

v.                                                                           )                       385th District Court

                                                                              )

THE STATE OF TEXAS,                                     )                 of Midland County, Texas

                                                                              )

Appellee.                           )                       (TC# CRD-23,142)

 

O
P I N I O N

 

Mayela Guerrero appeals her conviction for possession of
more than four grams but less than 200 grams of cocaine.[1]  A jury found Appellant guilty and the court
assessed her punishment at imprisonment for a term of five years.  We modify the judgment to reflect Appellant=s conviction for possession of cocaine,
and we affirm the judgment as so modified.

FACTUAL SUMMARY

A
jury found Appellant guilty of possessing 67.21 grams of cocaine.  At sentencing, the trial court reviewed the
pre-sentence report which recommended community supervision.  The court made the following statements:








[The Court]:  Okay. 
Well, there are several things for the Court to consider, and I have
given it some consideration over the last couple of days.  Of course, the amount of drugs involved in
this crime of which she has been found guilty is significant, and does bear
notice.  The offense of which she was
convicted is a second-degree felony offense. 
The only thing in the presentence
investigation that gives me any concern, of course, is the fact that she is a
resident alien and subject to deportation upon conviction of a felony of this
nature.  And that=s
the only thing that really gives me much pause in granting her probation.  There is not much reason for us to have her
on probation if she is going to be deported, is about all I can say.  So I=m
going to sentence her to 5 years in the Institutional Division.  

 

Despite
having an opportunity to object, trial counsel made no contemporaneous
objection to the trial court=s
comments or to the court=s
consideration of Appellant=s
status as a resident alien in assessing punishment.  Likewise, Appellant did not file a motion for
new trial raising the issue.

IMPROPER CONSIDERATION OF ALIENAGE

In
Points of Error Nos. One and Two, Appellant asserts that the trial court
violated her right to due process under the United States and Texas
Constitutions, respectively, by considering alienage
in sentencing her to a term of imprisonment rather than community
supervision.  With
respect to Point of Error No. Two, Appellant has failed to present any
authority or argument as to how the protection offered by Article I, Section 19
of the Texas Constitution differs from the protection guaranteed by the United
States Constitution.  Consequently, her
argument is inadequately briefed and presents nothing for review.  Rhoades v. State,
934 S.W.2d 113, 120 (Tex.Crim.App. 1996).  Point of Error No.
Two is overruled.  We turn now to Point
of Error No. One.








To
preserve a complaint for appellate review, a party must present a timely
objection to the trial court, state the specific grounds for the objection, and
obtain a ruling.  Tex.R.App.P. 33.1(a).  Rule 33.1 ensures that trial courts are
provided with an opportunity to correct their own errors before a case is
appealed.  Vidaurri v. State, 49
S.W.3d 880, 886 (Tex.Crim.App. 2001).  If a defendant fails to inform the trial
judge of the potential error through a timely request, objections, or motion,
there is no opportunity for correction at the trial level.  Id. 
It is for this reason that a defendant must object to alleged
errors on the record before those errors may be appealed.  Id. 
Under Rule 33.1, an appellant may not assert error pertaining to his
sentence or punishment where he failed to object or otherwise raise error in
the trial court.  See Vidaurri, 49 S.W.3d at 885; Mercado v. State,
718 S.W.2d 291, 296 (Tex.Crim.App. 1986).  Even constitutional errors may be waived by
failure to object.  See Broxton v. State,
909 S.W.2d 912, 918 (Tex.Crim.App. 1995); Rogers
v. State, 640 S.W.2d 248, 265 (Tex.Crim.App. 1982)(on second motion for reh=g). 
Appellant never complained of the court=s
comments, nor did she object to the court=s
consideration of improper evidence or to the sentence itself.  Therefore, Appellant waived this
complaint.  Id.  Point of Error No.
One is overruled.  Having overruled both
points of error, the judgment of the trial court, as modified to reflect
Appellant=s
conviction for possession of cocaine, is affirmed.

 

 

January 30, 2003

                                                                        


ANN CRAWFORD McCLURE, Justice

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Do Not Publish)











[1]  The judgment
erroneously recites that the jury found Appellant guilty of possession of
cocaine with intent to deliver.  The
two-count indictment alleged possession of cocaine with intent to deliver in
the first count and possession of cocaine in the second count.  The verdict forms reflect that the jury found
Appellant not guilty of the possession with intent to deliver offense, but
found her guilty of possession of cocaine.