IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,251






EX PARTE JEROME WALTER HUNTER, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


 CAUSE NO. 2003-CR-0161W IN THE 144th JUDICIAL DISTRICT COURT

BEXAR COUNTY






 Per curiam.



O P I N I O N




 This is a post-conviction application for a writ of habeas corpus filed pursuant to tex.
code crim. proc. art. 11.07. Applicant was originally placed on deferred adjudication. 
Subsequently, Applicant's guilt was adjudicated, and he was convicted of unlawfully
carrying a handgun. Applicant's punishment was assessed at ten years imprisonment. No
appeal was taken from this conviction.

 Applicant contends that he was denied his right to a meaningful appeal when his
counsel failed to inform him of his limited right to appeal after his guilt was adjudicated. 
See Vidaurri v. State, 49 S.W.3d 880 (Tex. Crim. App. 2001). The trial court has entered
findings of fact and conclusions of law, supported by the record, recommending that an out-of-time appeal be granted. Specifically, the trial court finds that neither counsel, nor the trial
court, informed Applicant of his limited right to appeal after his guilt was adjudicated.

 Relief is granted. Applicant is entitled to an out-of-time appeal in cause number
2003-CR-0161W in the 144th Judicial District Court of Bexar County. Applicant is ordered
returned to that point in time at which he may give written notice of appeal so that he may
then, with the aid of counsel, obtain a meaningful appeal. For purposes of the Texas Rules
of Appellate Procedure, all time limits shall be calculated as if the sentence had been
imposed on the date that the mandate of this Court issues. We hold that should applicant
desire to prosecute an appeal, he must take affirmative steps to see that written notice of
appeal is given within thirty days after the mandate of this Court has issued.

 


DELIVERED: September 28, 2005

DO NOT PUBLISH