NO. 07-05-0161-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 7, 2005


______________________________



RIORDAN LYNN HILL, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 6545; HON. LEE WATERS, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Riordan Lynn Hill, appellant, appeals the adjudication of his guilt for burglary and
the accompanying two year sentence. (1) Through one issue, appellant contends that the
trial court erred in admitting evidence of extraneous offenses during the hearing to
adjudicate guilt and assess punishment. We overrule the issue and affirm the judgment.

 The evidence in question pertained to his ingestion of controlled substances while
on community supervision. The evidence was proffered through two witnesses. The first
was appellant's probation officer who testified about the results of a urinalysis. Because
the witness had neither administered the test nor supervised the chemical analysis of the
urine obtained from appellant, her testimony was allegedly hearsay and its admission
violated his rights of confrontation. 

 The second witness, a local police officer, was asked to reiterate comments made
to him by appellant's girlfriend. The officer encountered the female in response to a police
dispatch. The female had apparently suffered an assault. And, while conversing with the
officer she stated that appellant "had been using meth and been up for three days and
when they got home he was agitated and highly paranoid." The woman further described
appellant as "'wired like an eight-day clock.'" This too was hearsay, according to appellant.

 To the extent that appellant's complaint involves the use of the evidence by the trial
court to decide whether to adjudicate appellant's guilt, we have no jurisdiction to consider
the allegations. It is well settled that one cannot appeal the decision to adjudicate guilt. 
Tex. Code Crim. Proc. Ann. art. 42.12, §5(b) (Vernon Supp. 2005). And, considering that
evidence to determine whether to grant the State's motion and adjudicate guilt is part and
parcel of the decision to adjudicate.

 Yet, this does not bar one from appealing issues regarding punishment after guilt
is adjudicated. Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001). And,
because the trial court held a unitary proceeding, that is, it considered the question about
adjudicating guilt in tandem with the issue of punishment, appellant suggests that the
purported hearsay affected the punishment ultimately levied. That is a matter that we can
address. Id.

 Now, in addressing whether the supposed hearsay affected the punishment levied
by the trial court, we discover that appellant did not object to that testimony indicating that
he "had been using meth and been up for three days." Thus, it was admitted for all
purposes. See Poindexter v. State, 153 S.W.3d 402, 406-07 (Tex. Crim. App. 2005). 
And, since it addressed the very same subject about which the probation officer testified
when discussing the urinalysis, i.e. appellant's use of controlled substances, one can
reasonably conclude that the former was cumulative of the latter. Given this, the
admission, without objection, of the officer's testimony rendered harmless any error that
may have arisen by admitting the urinalysis results. Chapman v. State, 150 S.W.3d 809,
814 (Tex. App.-Houston [14th Dist.] 2004, pet. ref'd) (holding that any error arising from the
admission of evidence is rendered harmless when like evidence is admitted without
objection elsewhere at trial). 

 Having overruled appellant's issue, we affirm the judgment of the trial court.


 Brian Quinn

 Chief Justice


Do not publish.

 
1. The adjudication of appellant's guilt for the crime had originally been deferred.