NO. 07-05-0161-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 7, 2005
_____

RIORDAN LYNN HILL,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 6545; HON. LEE WATERS, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

Riordan Lynn Hill, appellant, appeals the adjudication of his guilt for burglary and the accompanying two year sentence.[1]  Through one issue, appellant contends that the trial court erred in admitting evidence of extraneous offenses during the hearing to adjudicate guilt and assess punishment.  We overrule the issue and affirm the judgment.

---

[1]The adjudication of appellant's guilt for the crime had originally been deferred.

The evidence in question pertained to his ingestion of controlled substances while on community supervision. The evidence was proffered through two witnesses. The first was appellant's probation officer who testified about the results of a urinalysis. Because the witness had neither administered the test nor supervised the chemical analysis of the urine obtained from appellant, her testimony was allegedly hearsay and its admission violated his rights of confrontation.

The second witness, a local police officer, was asked to reiterate comments made to him by appellant's girlfriend. The officer encountered the female in response to a police dispatch. The female had apparently suffered an assault. And, while conversing with the officer she stated that appellant "had been using meth and been up for three days and when they got home he was agitated and highly paranoid." The woman further described appellant as "'wired like an eight-day clock.'" This too was hearsay, according to appellant.

To the extent that appellant's complaint involves the use of the evidence by the trial court to decide whether to adjudicate appellant's guilt, we have no jurisdiction to consider the allegations. It is well settled that one cannot appeal the decision to adjudicate guilt. TEX. CODE CRIM. PROC. ANN. art. 42.12, §5(b) (Vernon Supp. 2005). And, considering that evidence to determine whether to grant the State's motion and adjudicate guilt is part and parcel of the decision to adjudicate.

Yet, this does not bar one from appealing issues regarding punishment after guilt is adjudicated. *Vidaurri v. State,* 49 S.W.3d 880, 885 (Tex. Crim. App. 2001). And, because the trial court held a unitary proceeding, that is, it considered the question about adjudicating guilt in tandem with the issue of punishment, appellant suggests that the

2

purported hearsay affected the punishment ultimately levied. That is a matter that we can address. *Id.*

Now, in addressing whether the supposed hearsay affected the punishment levied by the trial court, we discover that appellant did not object to that testimony indicating that he "had been using meth and been up for three days." Thus, it was admitted for all purposes. *See Poindexter v. State,* 153 S.W.3d 402, 406-07 (Tex. Crim. App. 2005). And, since it addressed the very same subject about which the probation officer testified when discussing the urinalysis, *i.e.* appellant's use of controlled substances, one can reasonably conclude that the former was cumulative of the latter. Given this, the admission, without objection, of the officer's testimony rendered harmless any error that may have arisen by admitting the urinalysis results. *Chapman v. State,* 150 S.W.3d 809, 814 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd) (holding that any error arising from the admission of evidence is rendered harmless when like evidence is admitted without objection elsewhere at trial).

Having overruled appellant's issue, we affirm the judgment of the trial court.


      Brian Quinn
      Chief Justice


Do not publish.