Affirmed and Memorandum Opinion filed April 27, 2006









Affirmed and Memorandum Opinion filed April 27, 2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00017-CR

_______________

 

LUCIO ANGEL LOA, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 883,501

                                                                                                                                               


 

M E M O R A N D U M  
O P I N I O N

 








Lucio
Angel Loa appeals a conviction for aggravated assault with a deadly weapon[1]
on the grounds that the trial court erred by: (1) not holding a separate
punishment hearing after adjudicating his guilt as required by articles 37.07 and
42.12 section (5)(b) of the Texas Code of Criminal Procedure[2];
and (2) denying him the opportunity to present evidence in mitigation of punishment
in violation of articles 37.07 and 42.12 section (5)(b) of the Texas Code of
Criminal Procedure and the Due Process clauses of the United States and Texas
Constitutions.[3]  We affirm.

A
defendant has a statutory right to a punishment hearing after the adjudication
of guilt, and the trial court must allow the accused the opportunity to present
evidence.  Pearson v. State, 994
S.W.2d 176, 179 (Tex. Crim. App. 1999); Issa v. State, 826 S.W.2d 159,
161 (Tex. Crim. App. 1992); see also Vidaurri v. State, 49 S.W.3d
880, 886 (Tex. Crim. App. 2001). 
However, to preserve for appellate review a complaint on the denial of a
punishment hearing and opportunity to present evidence, a defendant must bring
the issue to the attention of the trial court with a timely objection or motion
for new trial.  Tex. R. App. P. 33.1(a); Vidaurri, 49 S.W.3d at 886.

In
this case, appellant failed to so object or file a motion for new trial.  Although he contends that his notice of
appeal was sufficient to preserve his complaint, he cites no authority
supporting that contention.  Therefore,
appellant=s two issues are overruled, and the judgment
of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed April 27, 2006.

Panel consists of
Justices Anderson, Edelman, and Frost.

Do not publish C Tex.
R. App. P. 47.2(b).











[1]           In
2001, appellant entered a guilty plea and was placed on deferred adjudication
community supervision.  In 2004, the
State filed a motion to adjudicate, appellant entered a plea of true to the
State=s allegation, and appellant was convicted and
sentenced by the trial court to five years imprisonment.





[2]           Tex. Code Crim. Proc. Ann. arts. 37.07,
42.12 ' 5(b) (Vernon Pamphlet 2005).





[3]           However,
appellant=s brief fails to address his due process claim.