NUMBER 13-04-655-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


SANTOS RAMIREZ, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 319th District Court of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Garza


Appellant, Santos Ramirez, Jr., was indicted for burglary of a habitation with the
intent to commit sexual assault, see Tex. Pen. Code Ann. § 30.02(a)(1) (Vernon 2003), and
attempted sexual assault, see Tex. Pen. Code Ann. § 15.01(a) (Vernon 2003), §
22.021(a)(1) (Vernon Supp. 2005). Without the benefit of a plea agreement, appellant
pleaded guilty. The trial court deferred adjudication and placed appellant on community
supervision for ten years. Subsequently, the State filed a motion to revoke community
supervision and adjudicate guilt, alleging several violations of his probation. The motion to
revoke was denied and appellant was sanctioned. The State then filed another motion to
revoke and adjudicate guilt, which was granted. Appellant pleaded "true" to two of the
allegations in the State's motion to revoke. The trial court adjudicated appellant guilty,
revoked his community supervision, and sentenced him to sixty years' imprisonment. 

Appellant filed a timely motion for new trial, arguing that (1) the sentence imposed
was cruel and unusual and (2) he received ineffective assistance of trial counsel at
punishment because counsel failed to present mitigating evidence. A hearing on the motion
for new trial was held on December 17, 2004. While making his closing statements,
appellant's counsel raised, for the first time, a prosecutorial vindictiveness claim. Appellant
argued that it had been fundamentally unfair for the State to have made a forty-year
recommendation to the court during the punishment phase of trial after he rejected the plea
offer of a five-year recommendation in exchange for his plea of "true" to all of the alleged
violations. The motion for new trial was denied. This appeal ensued. (1)

By his sole issue, appellant challenges the denial of his motion for new trial alleging
that his sentence was the result of prosecutorial vindictiveness. For the reasons that follow,
we affirm the judgment of the trial court. 

I. Standard of Review

 We review the denial of a motion for new trial for an abuse of discretion. Armstrong
v. State, 897 S.W.2d 361, 363 (Tex. Crim. App. 1995). A trial court abuses its discretion
when it acts without reference to any guiding principles or if the decision is arbitrary or
unreasonable. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1991) (en
banc). 

II. Analysis


 Appellant contends the trial court erred by failing to grant his motion for new trial
because the State vindictively made an unfair sentence recommendation after he rejected
their plea offer. The State contends that the issue is not preserved for appeal. We agree. 

 In the present case, the prosecutorial vindictiveness claim was not brought to the
court's attention until closing statements during the hearing on the motion for new trial. 
Appellant's claim in his motion for new trial concerned cruel and unusual punishment, not
prosecutorial vindictiveness. See Neal v. State, 150 S.W.3d 169, 177 (Tex. Crim. App.
2004). When an allegation is not properly presented in a motion for a new trial, it should
not be entertained by the trial court at the hearing and it is not properly preserved for
appeal. Vidaurri v. State, 49 S.W.3d 880, 886 (Tex. Crim. App. 2001); Trout v. State, 702
S.W.2d 618, 620 (Tex. Crim. App. 1985). Accordingly, appellant has not preserved this
issue for appellate review. See Tex. R. App. P. 33.1; Cuellar v. State, 943 S.W.2d 487, 491
(Tex. App.-Corpus Christi 1996, pet. ref'd). Moreover, because appellant never made a
timely and specific prosecutorial vindictiveness claim, the court was never given the
opportunity to hear evidence or rule on it. Neal, 150 S.W.3d at 178. Likewise, the State
was never given an opportunity to rebut appellant's claim. Because a defendant must offer
evidence to prove his prosecutorial vindictiveness claim the importance of making that claim
in the trial court is paramount. Id. We hold appellant failed to preserve the issue for
appellate review. Accordingly, appellant's issue is overruled.

 The judgment of the trial court is affirmed. 

 


 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 3rd day of August, 2006.
1. Although a criminal appellant cannot appeal an order placing him on deferred adjudication,
community supervision, and although appellant cannot attack his conviction following revocation, appellant
can appeal issues unrelated to his conviction, such as the one before us. See Vidaurri v. State, 49 S.W.3d
880, 885 (Tex. Crim. App. 2001).