**Affirmed as modified; Opinion Filed October 4, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00676-CR

**SANJAY SINGH KARKI, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-15-55513-Q**

## MEMORANDUM OPINION

Before Justices Stoddart, Whitehill, and Boatright
Opinion by Justice Stoddart

A jury found Sanjay Singh Karki guilty of possession of a controlled substance, and the trial court assessed punishment at two years' incarceration, probated for five years, and a fine. In two issues, appellant argues the evidence is insufficient to prove he knew the contraband was present and the trial court erred by failing to hold a punishment phase before pronouncing sentence. In a single cross-issue, the State requests we reform the judgment to reflect the trial court, not the jury, assessed punishment. We modify the trial court's judgment and affirm as modified.

On June 21, 2015, Nelson Basco and Stephen Ulas of the Dallas Police Department watched cars driving in and out of the Boulevard, a gambling establishment known for selling methamphetamine. Basco and Ulas followed a 2009 Volkswagen sedan as it drove away from the Boulevard. When the driver, later identified as appellant, did not signal a lane change, Basco and

Ulas initiated a traffic stop. Appellant was the only person in the car and the car was registered to him. Basco identified appellant in court as the person driving the Volkswagen.

Basco noticed a red capsule container attached to appellant's key chain. The capsule appeared to be a flashlight, but did not include space for a battery. Basco recognized the capsule as a device used to hide drugs and pills. Appellant consented to a search of his vehicle, during which Basco found a plastic bag containing crystal methamphetamine inside of the red capsule. Appellant denied the methamphetamine belonged to him. Basco testified it is common for people in drug cases to claim they lacked knowledge of the drugs. The drug chemist who analyzed the seized substance testified it was approximately 0.3039 grams of methamphetamine including adulterants or dilutants.

In his first issue, appellant argues the evidence is insufficient to show he knew the methamphetamine was present. We review a challenge to the sufficiency of the evidence in a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Id.* Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.* When the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the verdict and therefore defer to that determination. *Id.* Direct and circumstantial evidence are treated equally: circumstantial evidence

–2–

is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Id.*

To prove unlawful possession of a controlled substance, the State must prove beyond a reasonable doubt that the defendant exercised dominion over the substance and that he knew it to be contraband. *Ford v. State*, No. 05-15-00446-CR, 2016 WL 1616612, at *4 (Tex. App.—Dallas Apr. 20, 2016, no pet.) (mem. op., not designated for publication) (citing *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005)). Regardless of whether this evidence is direct or circumstantial, it must establish that a defendant's connection to the contraband was more than fortuitous. *Id.* (citing *Blackman v. State*, 350 S.W.3d 588, 594–95 (Tex. Crim. App. 2011)). Thus, mere presence at the location where drugs are found is insufficient, by itself, to establish the requisite degree of control to support a conviction. *Id.* (citing *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006)).

As applicable here, a person commits an offense if he knowingly or intentionally possesses a controlled substance listed in Penalty Group 1. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a). Methamphetamine is a controlled substance listed in Penalty Group 1. *See id.* § 481.102(6).

The evidence shows Basco and Ulas saw appellant's car leaving an establishment known for selling methamphetamine. Appellant was the only person in the car, which was registered to him. A red capsule containing the drugs was attached to appellant's key ring along with his car key. Basco testified appellant "was the only one in care, custody, and control of the vehicle. The capsule that we found was on his key ring, his keys to his car, so that's how we linked the drugs to him." Under these circumstances, we conclude appellant's connection to the drugs was more than just fortuitous and the evidence is sufficient to show appellant knew the red capsule contained methamphetamine. Further, after viewing the evidence in the light most favorable to the verdict,

any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We overrule appellant's first issue.

In his second issue, appellant argues the trial court erred by failing to hold a punishment hearing before pronouncing sentence. Following an adjudication of guilt, a defendant is entitled to a punishment hearing and the trial judge must allow the defendant an opportunity to present evidence. *Brumsey v. State*, No. 05-17-00097-CR, 2018 WL 459779, at *2 (Tex. App.—Dallas Jan. 18, 2018, no pet.) (mem. op., not designated for publication) (citing *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992); *Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001)). This right, however, is a statutory right that can be waived if not properly requested. *Id.* (citing *Vidaurri*, 49 S.W.3d at 885–86). Appellant did not complain about the lack of a separate punishment hearing in the trial court. *See id.*; TEX. R. APP. P. 33.1(a)(1) (preservation of error). We conclude this issue is not preserved for review. We overrule appellant's second issue.

In a single cross-issue, the State requests we reform the judgment to reflect the trial court assessed punishment. The judgment erroneously shows punishment was assessed by the jury. Accordingly, we modify the judgment to show the trial court assessed punishment. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Estrada v. State*, 334 S.W.3d 57, 63–64 (Tex. App.—Dallas 2009, no pet.).

We modify the judgment and affirm as modified.


/Craig Stoddart/
CRAIG STODDART
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
170676F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SANJAY SINGH KARKI, Appellant

No. 05-17-00676-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-15-55513-Q.
Opinion delivered by Justice Stoddart.
Justices Whitehill and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We DELETE the word "Jury" under the heading "Punishment Assessed by" and REPLACE it with the word "Court."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 4th day of October, 2018.