In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-286 CR


NO. 09-01-287 CR


NO. 09-01-288 CR


NO. 09-01-289 CR


____________________



JUSTIN MARCUS GRIFFIN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 76939, 76940, 82738 and 83006






MEMORANDUM OPINION


 Justin Marcus Griffin entered guilty pleas in Cause Nos. 76939 and 76940 to
separate indictments for the first degree felony offense of aggravated sexual assault on a
child. Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2002). Following plea bargain
agreements between Griffin and the State, the trial court deferred adjudication of guilt in
both cases, then placed Griffin on community supervision for ten years. In a subsequent
hearing, the trial court found that Griffin violated the terms of the community supervision
orders, as alleged in the State's motions to adjudicate guilt. The trial court assessed
punishment in each case at thirty years of confinement in the Texas Department of
Criminal Justice, Institutional Division. 

 On the day the trial court sentenced Griffin in Cause Nos. 76939 and 76940, Griffin
pleaded guilty in Cause Nos. 82738 and 83006 to separate indictments for the state jail
felony offense of failure to register as a sex offender. Tex. Code Crim. Proc. Ann. §
62.10 (Vernon Supp. 2002). Following plea bargain agreements between Griffin and the
State, the trial court convicted Griffin and assessed punishment in each case at two years
of confinement in a state jail facility. The trial court ordered the sentences to be served
concurrently. 

 Appellate counsel filed briefs that conclude no arguable error is presented in these
appeals. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On May 23, 2002, we
granted Griffin an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeals involve the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 The notices of appeal filed by Griffin failed to invoke our appellate jurisdiction to
review issues relating to his convictions. White v. State, 61 S.W.3d 424, 428-29 (Tex.
Crim. App. 2001). (1) Although a general notice of appeal invokes our jurisdiction to
consider issues relating to the process by which Griffin was punished in the cases in Cause
Nos. 76939 and 76940, no error relating to punishment was preserved. Vidaurri v. State,
49 S.W.3d 880, 883, 885 (Tex. Crim. App. 2001). 

 We have reviewed the clerk's records and the reporter's records, and find no
arguable error requiring us to order appointment of new counsel. Compare Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

 The judgments in Appeal Nos. 09-01-286 CR and 09-01-287 CR are AFFIRMED.
Appeal Nos. 09-01-288 CR and 09-01-289 CR are DISMISSED.

 PER CURIAM

Submitted on September 12, 2002 

Opinion Delivered September 18, 2002 

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. In a plea-bargained, felony case, the notice of appeal must specify that the appeal
is for a jurisdictional defect, specify that the substance of the appeal was raised by written
motion and ruled on before trial, or state the trial court granted permission to appeal. Tex.
R. App. P. 25.2(b)(3).