In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-337 CR


NO. 09-01-338 CR


NO. 09-01-339 CR


____________________



JAKE KNIGHT JONES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 75327, 75328 and 75329






MEMORANDUM OPINION


 Jake Knight Jones pleaded guilty in Cause Nos. 75327, 75328, and 75329, to three
separate indictments for the first degree felony offense of engaging in organized criminal
activity. See Tex. Pen. Code Ann. § 71.02(a)(1) (Vernon Supp. 2002). Following plea
bargain agreements between Jones and the State, the trial court deferred adjudication of
guilt. In each case, the court placed Jones on community supervision for ten years, but the
court found Jones violated the terms of the community supervision orders in subsequent
hearings on the State's motions to adjudicate guilt. Jones was sentenced to concurrent
twenty year terms of confinement in the Texas Department of Criminal Justice,
Institutional Division. 

 Appellate counsel filed briefs that conclude no arguable error is presented in these
appeals. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On May 30, 2002, Jones was
given an extension of time in which to file a pro se brief. We received no response from
the appellant. Because the appeals involve the application of well-settled principles of law,
we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 The notices of appeal filed by Jones failed to invoke our appellate jurisdiction to
review issues relating to his convictions. White v. State, 61 S.W.3d 424, 428-29 (Tex.
Crim. App. 2001). (1) Although a general notice of appeal invokes our jurisdiction to
consider issues relating to the process by which Jones was punished, no error relating to
punishment was preserved. Vidaurri v. State, 49 S.W.3d 880, 883, 885 (Tex. Crim. App.
2001). 

 We have reviewed the clerk's records and the reporter's records, and find no
arguable error requiring us to order appointment of new counsel. Compare Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). The judgments are affirmed.

 AFFIRMED.

 PER CURIAM


Submitted on September 12, 2002

Opinion Delivered September 18, 2002 

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. In a plea-bargained, felony case, the notice of appeal must specify that the appeal
is for a jurisdictional defect, specify that the substance of the appeal was raised by written
motion and ruled on before trial, or state the trial court granted permission to appeal. Tex.
R. App. P. 25.2(b)(3).