In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-291 CR


NO. 09-01-292 CR


NO. 09-01-293 CR


____________________



DEIRAL GREGORY MOORE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause Nos. 79631, 82766 and 83801






MEMORANDUM OPINION


 Deiral Gregory Moore entered a guilty plea in Cause No. 79631 to an indictment
for the first degree felony offense of aggravated sexual assault on a child. Tex. Pen. Code
Ann. § 22.021 (Vernon Supp. 2002). Following a plea bargain agreement between Moore
and the State, the trial court deferred adjudication of guilt, and on June 5, 2000, placed
Moore on community supervision for ten years. 


 On December 1, 2000, Moore entered a guilty plea in Cause No. 82766 to an
indictment for the third degree felony offense of failure to register as a sex offender. Tex. 
Code Crim. Proc. Ann. arts. 62.06(a), 62.10(b)(2) (Vernon Supp. 2002). Following a
plea bargain agreement between Moore and the State, the trial court deferred adjudication
of guilt, and on December 8, 2000, placed Moore on community supervision for ten years.
 In a subsequent hearing, the trial court found that Moore violated the terms of the
community supervision orders, as alleged in the State's motions to adjudicate guilt. The
trial court assessed punishment at confinement in the Texas Department of Criminal
Justice, Institutional Division, for forty years in Cause No. 79631 and for ten years in
Cause No. 82766. 

 On the day Moore pleaded "true" in Cause Nos. 79631 and 82766, Moore pleaded
guilty in Cause No. 83801 to an indictment for failure to register as a sex offender. Tex. 
Code Crim. Proc. Ann. art. 62.10 (Vernon Supp. 2002). Following a plea bargain
agreement between Moore and the State, the trial court convicted Moore and assessed
punishment at twenty years of confinement in the Texas Department of Criminal Justice,
Institutional Division. The trial court ordered the sentences to be served concurrently. 

 Appellate counsel filed briefs that conclude no arguable error is presented in these
appeals. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On June 27, 2002, we
granted Moore an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeals involve the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.1.

 The notices of appeal filed by Moore failed to invoke our appellate jurisdiction to
review issues relating to his convictions. White v. State, 61 S.W.3d 424, 428-29 (Tex.
Crim. App. 2001). (1) Although a general notice of appeal invokes our jurisdiction to
consider issues relating to the process by which Moore was punished in Cause Nos. 79631
and 82766, no error relating to punishment was preserved. Vidaurri v. State, 49 S.W.3d
880, 883-85 (Tex. Crim. App. 2001). 

 We have reviewed the clerk's records and the reporter's records, and find no
arguable error requiring us to order appointment of new counsel. Compare Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 

 The judgments in Appeal Nos. 09-01-291 CR and 09-01-292 CR are AFFIRMED.
Appeal No. 09-01-293 CR is DISMISSED.

 PER CURIAM

Submitted on October 18, 2002

Opinion Delivered October 23, 2002 

Do Not Publish


Before Walker, C.J., Burgess and Gaultney, JJ.
1. In a plea-bargained, felony case, the notice of appeal must specify that the appeal
is for a jurisdictional defect, specify that the substance of the appeal was raised by written
motion and ruled on before trial, or state the trial court granted permission to appeal. Tex.
R. App. P. 25.2(b)(3).