In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-00-00914-CR
____________

JOSEPH CHARLTON FOY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 675217




O P I N I O N
           This is an appeal of a 25 year sentence pursuant to a motion to adjudicate guilt. We
affirm the trial court’s sentence.
Procedural Background
           This Court dismissed appellant’s appeal on the basis that we lacked jurisdiction
because the notice of appeal did not comply with Rule 25(b)(3) of the Texas Rules of
Appellate Procedure. Foy v. State, No. 01-00-00914-CR (Tex. App.—Houston [1st Dist.]
March 1, 2001). Appellant’s petition for discretionary review was granted. The Texas Court
of Criminal Appeals reconsidered the applicability of Rule 25.2(b)(3) to adjudication of guilt. 
See Vidaurri v. State, 49 S.W.3d 880 (Tex. Crim. App. 2001). Vidaurri had not been issued
prior to our holding in Foy. The appeal has been remanded to our court for reconsideration
in light of Vidaurri.
Background
           On July 18, 1994, appellant pled nolo contendere to aggravated sexual assault of a
child under the age of 14. In accordance with the terms of a plea bargain agreement, the trial
judge deferred adjudication of guilt, placed appellant on community supervision for 10 years,
and assessed a fine of $500. The State filed a motion to adjudicate guilt to which appellant
pled true on June 26, 2000. The trial judge proceeded to find appellant guilty of aggravated
sexual assault and assessed punishment at 25 years confinement. On July 25, 2000 appellant
filed a motion for new trial claiming that the trial court erred in adjudicating him guilty. 
Appellant’s points of error claim the trial court abused its discretion in assessing his
punishment at 25 years confinement because it violates his federal and state constitutional
rights against cruel and unusual punishment. We overrule appellant’s two points of error.
Discussion
           This court had originally held that, because appellant was complaining of the sentence
imposed, Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure applied. Vidaurri held
that when a defendant pleads guilty in exchange for deferred adjudication, that initial plea
triggers the application of Rule 25.2(b)(3) limitations to his appeal. Id. at 882. Therefore,
if an appellant’s complaints are not related to his conviction, Rule 25.2(b)(3) limitations do
not apply and an appellate court retains jurisdiction. See id. at 885. In light of Vidaurri, we
find that appellant’s complaint for review was regarding punishment and not his conviction. 
Therefore, this Court has jurisdiction over appellant’s points of error.
           To preserve a cruel-and-unusual-punishment complaint for appellate review, a
defendant must object to the sentence during the punishment phase of trial or in a motion for
new trial. See Tex. R. App. P. 33.1(a); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App.
1995); Solis v. State, 945 S.W.2d 300, 301-02 (Tex. App.—Houston [1st Dist.] 1997, pet.
ref’d). Appellant did not object to the severity of his sentence at the time of sentencing. 
Appellant’s motion for new trial does not complain that the sentence constituted cruel and
unusual punishment, but only that the trial court erred in adjudicating him guilty. Appellant
has failed to preserve any error for our review and we overrule appellant’s two points of
error.
Conclusion
           We affirm the judgment of the trial court. 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Justices Nuchia, Jennings and Radack.
Do not publish. Tex. R. App. P. 47.