In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-087 CR


____________________



EARL JEROME GILBERT, SR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 80892






MEMORANDUM OPINION


 Earl Jerome Gilbert, Sr., entered a guilty plea in Cause No. 80892 to the second
degree felony offense of sexual assault on a child. Tex. Pen. Code Ann. § 22.011
(a)(2)(A) (Vernon Supp. 2003). Following a plea bargain agreement between Gilbert and
the State, the trial court deferred adjudication of guilt, then placed Gilbert on community
supervision for ten years and fined him $1000. In a subsequent hearing, the trial court
found that Gilbert violated the terms of the community supervision order by failing to work
faithfully at suitable employment and failing to complete the sex offender treatment
program as ordered by the court. The trial court assessed punishment at ten years of
confinement in the Texas Department of Criminal Justice, Institutional Division. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On August 29, 2002, we
granted Gilbert an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeal involves the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 The notice of appeal filed by Gilbert failed to invoke our appellate jurisdiction to
review issues relating to his conviction. White v. State, 61 S.W.3d 424, 428-29 (Tex.
Crim. App. 2001). (1) Although a general notice of appeal invokes our jurisdiction to
consider issues relating to the process by which Gilbert was punished, no error relating to
punishment was preserved. Vidaurri v. State, 49 S.W.3d 880, 883, 885 (Tex. Crim. App.
2001). 


 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). 

 The judgment is AFFIRMED. 

 PER CURIAM

Submitted on January 2, 2003 

Opinion Delivered January 15, 2003 

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. In a plea-bargained, felony case, the notice of appeal must specify that the appeal
is for a jurisdictional defect, specify that the substance of the appeal was raised by written
motion and ruled on before trial, or state the trial court granted permission to appeal. Tex.
R. App. P. 25.2(b)(3).