In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-355 CR


____________________



CHARLES MONTGOMERY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 82831






MEMORANDUM OPINION


 Charles Montgomery pleaded guilty to the state jail felony offense of delivery of a
controlled substance, cocaine, in an amount of less than one gram. See Tex. Health &
Safety Code Ann. § 481.112 (a),(b) (Vernon Supp. 2003). In accordance with the terms
of a plea bargain agreement, the trial court deferred adjudication of guilt and placed
Montgomery on community supervision for four years. In a subsequent hearing, the trial
court found that Montgomery violated the terms of the community supervision order,
proceeded with adjudication, and sentenced Montgomery to twelve months of confinement
in the Texas Department of Criminal Justice, State Jail Division. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On October 24, 2002, we
granted Montgomery an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeal involves the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 The notice of appeal filed by Montgomery failed to invoke our appellate jurisdiction
to review issues relating to his conviction. White v. State, 61 S.W.3d 424, 428-29 (Tex.
Crim. App. 2001). (1) Although a general notice of appeal invokes our jurisdiction to
consider issues relating to the process by which Montgomery was punished, no error
relating to punishment was preserved. Vidaurri v. State, 49 S.W.3d 880, 883, 885 (Tex.
Crim. App. 2001). 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). 

 The judgment is AFFIRMED. 


 PER CURIAM


Submitted on February 4, 2003

Opinion Delivered February 12, 2003

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. For appeals commenced before January 1, 2003, the notice of appeal in a plea-bargained felony case must specify that the appeal is for a jurisdictional defect, specify that
the substance of the appeal was raised by written motion and ruled on before trial, or state
the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).