In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-335 CR


____________________



ERIC NICHOLS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 85364






MEMORANDUM OPINION


 Eric Nichols entered a guilty plea in Cause No. 85364 to the second degree felony
offense of burglary of a habitation. Tex. Pen. Code Ann. § 30.02(a)(3),(c)(2) (Vernon
2003). Following a plea bargain agreement between Nichols and the State, the trial court
deferred adjudication of guilt, then placed Nichols on community supervision for eight
years and fined him $1000. In a subsequent hearing, Nichols pleaded true to allegations
that he violated the terms of the community supervision order. The trial court assessed
punishment at four years of confinement in the Texas Department of Criminal Justice,
Institutional Division. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On February 27, 2003, we
granted Nichols an extension of time in which to file a pro se brief. We received no
response from the appellant. Because the appeal involves the application of well-settled
principles of law, we deliver this memorandum opinion. See Tex. R. App. P. 47.4.

 The notice of appeal filed by Nichols failed to invoke our appellate jurisdiction to
review issues relating to his conviction. White v. State, 61 S.W.3d 424, 428-29 (Tex.
Crim. App. 2001). (1) Although a general notice of appeal invokes our jurisdiction to
consider issues relating to the process by which Nichols was punished, no error relating
to punishment was preserved. Vidaurri v. State, 49 S.W.3d 880, 883, 885 (Tex. Crim.
App. 2001). 

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). 

 The judgment is AFFIRMED. 

 PER CURIAM

Submitted on June 30, 2003 

Opinion Delivered July 16, 2003 

Do Not Publish


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. For appeals commenced before January 1, 2003, in a plea-bargained, felony case,
the notice of appeal must specify that the appeal is for a jurisdictional defect, specify that
the substance of the appeal was raised by written motion and ruled on before trial, or state
the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).