NO. 07-02-0405-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



AUGUST 18, 2003



______________________________




TIMOTHY LEE PHILLIPS, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 39,608-B; HONORABLE JOHN BOARD, JUDGE



_______________________________



Before QUINN and REAVIS, JJ. and BOYD, S.J. (1) 

MEMORANDUM OPINION


 Pursuant to a plea of guilty, appellant Timothy Lee Phillips, Jr. was granted deferred
adjudication in 1999 for aggravated assault with an affirmative finding on use of a deadly 
weapon and placed on community supervision for six years. Upon the State's motion to
proceed for numerous violations of the conditions of community supervision, the trial court
adjudicated him guilty of the original offense and assessed punishment at ten years
confinement. In presenting this appeal counsel has filed an Anders (2) brief in support of a
motion to withdraw. Based upon the rationale expressed herein, the appeal is dismissed
for want of jurisdiction and the motion to withdraw is rendered moot.

 In support of her motion to withdraw, counsel has certified that she has diligently
reviewed the record and, in her opinion, the record reflects no reversible error or grounds
upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Thus, she concludes the appeal is frivolous and
without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978),
counsel has discussed why, under the controlling authorities, there is no error in the
court's judgment. Counsel has also shown that she sent a copy of the brief to appellant,
and informed appellant that, in counsel's view, the appeal is without merit. In addition,
counsel has demonstrated that she notified appellant of his right to review the record and
file a pro se brief if he desired to do so. Appellant did not file a pro se brief and the State
did not favor us with a brief. 

 Appellant was granted deferred adjudication on February 8, 1999, and on August
29, 2002, upon the State's motion to proceed, the trial court adjudicated him guilty of the
original offense. Relying on article 44.02 of the Texas Code of Criminal Procedure,
appellant filed a pro se notice of appeal. Following counsel's appointment to represent
appellant on appeal, she filed an Anders brief advancing one arguable ground, to-wit: 
whether the trial court abused its discretion in accepting appellant's pleas of guilty and true
as they were involuntarily given.

 When an appeal is made challenging an issue relating to a conviction rendered
from a defendant's initial guilty plea and the punishment assessed does not exceed the
punishment recommended by the State, the notice of appeal limitations of former Rule
25.2(b)(3) of the Texas Rules of Appellate Procedure are triggered. Vidaurri v. State, 49
S.W.3d 880 (Tex.Cr.App. 2001). Moreover, voluntariness of a plea is no longer
appealable from plea-bargained felony convictions. Cooper v. State, 45 S.W.3d 77, 83
(Tex.Cr.App. 2001). Thus, because appellant's notice of appeal did not comply with the
requirements of former Rule 25.2(b)(3), we are without jurisdiction to entertain any
arguable complaints that could have been raised. 

 Accordingly, the appeal is dismissed for want of jurisdiction and counsel's motion
to withdraw is rendered moot.

 Don H. Reavis

 Justice

Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).


lse" Priority="59" SemiHidden="false"
 UnhideWhenUsed="false" Name="Table Grid"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-00261-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



AUGUST
2, 2011

 



 

TERRY R. STREUER, APPELLANT

 

v.

 

PSZ FINANCIAL, LLC, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW #2 OF
COMAL COUNTY;

 

NO. 2011CVB0205; HONORABLE CHARLES A. STEPHENS II, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER

            Appellant,
Terry R. Streuer, appeals a judgment in a forcible entry and detainer action
which ordered that PSZ Financial, LLC, is entitled to possession of a property
in New Braunfels, Texas.  On May 24,
2011, Streuer timely filed his notice of appeal in the trial court.  On June 3, Streuer filed an affidavit of
indigence with the 3rd District Court of Appeals.  On or about July 1, the appeal was
transferred to this Court.  On July 12,
this Court sent the trial court clerk and reporter notice that Streuer had
filed his affidavit of indigence, and directed them to file any contest to
Streuers affidavit by July 22.

            On
July 22, this Court received a contest of Streuers affidavit filed by the
official court reporter.  However, this
contest indicates that Streuer had already paid for the reporters record.  Also, the reporters record was received and
filed by the Clerk of this Court on July 22. 
Thus, it does not appear that the reporter is affected by Streuers
affidavit.  As such, we deny the
reporters contest as moot.

            On
July 28, this Court received a contest of Streuers affidavit filed by the
County Clerk.  While this contest
identifies a potential issue regarding the case to which the affidavit was
intended to apply,[1]
this Courts correspondence of July 12, clearly indicated that the affidavit
was construed by this Court to apply to the present appeal.  Regardless of any merit to the County Clerks
contentions contained in the contest, it was untimely filed, and, as such, we
are required to deem the allegations in Streuers affidavit true and order that
Streuer be allowed to proceed without advance payment of costs.  Tex.
R. App. P. 20.1(e).

            As
such, this Court orders the County Clerk of Comal County to prepare the clerks
record in this appeal without advance payment of costs.  The clerks record was due on July 18,
2011.  However, the Court will sua sponte grant a 30 day
extension.  See Tex. R. App. P. 2.  The clerks record in this appeal is due on
or before August 17, 2011.

                                                                                                Per
Curiam

 











[1] It appears that
Streuer has a case pending in the 207th District Court in addition
to the present appeal from judgment in County Court at Law, No. 2, of Comal
County.