NO. 07-02-0405-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

AUGUST 18, 2003

_____

TIMOTHY LEE PHILLIPS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 39,608-B; HONORABLE JOHN BOARD, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Pursuant to a plea of guilty, appellant Timothy Lee Phillips, Jr. was granted deferred

adjudication in 1999 for aggravated assault with an affirmative finding on use of a deadly

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

weapon and placed on community supervision for six years.  Upon the State's motion to proceed for numerous violations of the conditions of community supervision, the trial court adjudicated him guilty of the original offense and assessed punishment at ten years confinement.  In presenting this appeal counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  Based upon the rationale expressed herein, the appeal is dismissed for want of jurisdiction and the motion to withdraw is rendered moot.

In support of her motion to withdraw, counsel has certified that she has diligently reviewed the record and, in her opinion, the record reflects no reversible error or grounds upon which an appeal can be predicated.  Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Thus, she concludes the appeal is frivolous and without merit.  In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has discussed why, under the controlling authorities, there is no error in the court's judgment.  Counsel has also shown that she sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit.  In addition, counsel has demonstrated that she notified appellant of his right to review the record and file a *pro se* brief if he desired to do so.  Appellant did not file a *pro se* brief and the State did not favor us with a brief.

---

[2]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Appellant was granted deferred adjudication on February 8, 1999, and on August 29, 2002, upon the State's motion to proceed, the trial court adjudicated him guilty of the original offense. Relying on article 44.02 of the Texas Code of Criminal Procedure, appellant filed a pro se notice of appeal. Following counsel's appointment to represent appellant on appeal, she filed an *Anders* brief advancing one arguable ground, to-wit: whether the trial court abused its discretion in accepting appellant's pleas of guilty and true as they were involuntarily given.

When an appeal is made challenging an issue relating to a conviction rendered from a defendant's initial guilty plea and the punishment assessed does not exceed the punishment recommended by the State, the notice of appeal limitations of former Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure are triggered. Vidaurri v. State, 49 S.W.3d 880 (Tex.Cr.App. 2001). Moreover, voluntariness of a plea is no longer appealable from plea-bargained felony convictions. Cooper v. State, 45 S.W.3d 77, 83 (Tex.Cr.App. 2001). Thus, because appellant's notice of appeal did not comply with the requirements of former Rule 25.2(b)(3), we are without jurisdiction to entertain any arguable complaints that could have been raised.

Accordingly, the appeal is dismissed for want of jurisdiction and counsel's motion to withdraw is rendered moot.

Don H. Reavis
Justice

3

Do not publish.