In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-526 CR


____________________



RALPH ALAN DUPUY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 84011






MEMORANDUM OPINION (1)


 Ralph Alan Dupuy entered a guilty plea in Cause No. 84011 to the state jail felony
offense of unauthorized use of a motor vehicle. Tex. Pen. Code Ann. § 31.07 (Vernon
2003). Following a plea bargain agreement between Dupuy and the State, the trial court
deferred adjudication of guilt, then placed Dupuy on community supervision for four
years. In a subsequent hearing, Dupuy pleaded true to an allegation that he violated the
terms of the community supervision order by committing a criminal offense. The trial
court assessed punishment at sixteen months of confinement in the Texas Department of
Criminal Justice, State Jail Division. 

 Appellate counsel filed a brief that concludes no arguable error is presented in this
appeal. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). On May 22, 2003, we
granted Dupuy an extension of time in which to file a pro se brief. We received no
response from the appellant. 

 The notice of appeal filed by Dupuy failed to invoke our appellate jurisdiction to
review issues relating to his conviction. White v. State, 61 S.W.3d 424, 428-29 (Tex.
Crim. App. 2001). (2) Although a general notice of appeal invokes our jurisdiction to
consider issues relating to the process by which Dupuy was punished, Dupuy preserved
no error relating to punishment and the record does not support a claim of ineffective
assistance of counsel during the punishment phase of the trial. Vidaurri v. State, 49
S.W.3d 880, 883-85 (Tex. Crim. App. 2001).

 We have reviewed the clerk's record and the reporter's record, and find no arguable
error requiring us to order appointment of new counsel. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991). The judgment is affirmed.

 AFFIRMED. 


 PER CURIAM

 


Submitted on September 12, 2003

Opinion Delivered September 24, 2003

Do Not Publish 


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.
2. For appeals commenced before January 1, 2003, in a plea-bargained, felony case,
the notice of appeal must specify that the appeal is for a jurisdictional defect, specify that
the substance of the appeal was raised by written motion and ruled on before trial, or state
the trial court granted permission to appeal. Tex. R. App. P. 25.2(b)(3).