Affirmed and Memorandum Opinion filed May 26, 2004









Affirmed and Memorandum Opinion filed May 26, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01343-CR

____________

 

JOSEPH PLUMBER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd District
Court

Harris County,
Texas

Trial Court Cause No.
931,142

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to the offense of
possession of less than 200 grams of cocaine with intent to deliver.  The trial court deferred adjudication and
placed appellant on 10 years of deferred adjudication probation.  The State filed a motion to adjudicate.
Appellant pled true and stipulated in writing that he had violated conditions
of probation.  On November 19, 2003, the
trial court sentenced appellant to confinement for 7 years in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant filed a pro se notice of appeal.








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991).  As of this
date, no pro se response has been filed.

We have carefully reviewed the record and counsel=s brief and agree the appeal is
wholly frivolous and without merit. 
Appellant=s counsel states that we have no jurisdiction because there
is no right of appeal from the determination appellant violated a condition of
deferred adjudication community supervision. 
Although it is true there is no appeal from the adjudication, an appellant
may challenge the process by which he was sentenced.  See Vidaurri v. State, 49 S.W.3d 880,
885 (Tex. Crim. App. 2001)(holding that a court of appeals has jurisdiction to
consider a claim of denial of a separate punishment hearing after adjudication
of guilt because this claim does not challenge the conviction, Ait challenges the process by which he
was sentenced, an issue >unrelated to [the] conviction=.@).

Appellant=s counsel has raised no issues concerning the process by
which appellant was sentenced, but our review indicates that any such claim
would have been frivolous.  Appellant
neither objected to the failure to hold a separate punishment hearing, nor
raised this complaint in a motion for new trial.  Accordingly, appellant failed to preserve any
error regarding the process by which he was sentenced.  We find no reversible error in the record.  A discussion of the brief would add nothing
to the jurisprudence of the state.

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed May 26, 2004.

Panel consists of Justices Fowler,
Edelman, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).