COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-242-CR
  
 
VICKIE 
RENEE DARROUGH                                                     APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Vickie 
Renee Darrough appeals from the trial court’s judgment adjudicating her guilt 
for robbery causing bodily injury. We will affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion.  In the brief, counsel avers that, in 
his professional opinion, this appeal is frivolous.  Counsel’s brief and 
motion meet the requirements of Anders v. California, 386 U.S. 738, 87 S. 
Ct. 1396 (1967), by presenting a professional evaluation of the record 
demonstrating why there are no arguable grounds for relief.  Additionally, 
this court informed appellant that she may file a pro se brief, but she has 
failed to do so.
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, 
this court is obligated to undertake an independent examination of the record 
and essentially to rebrief the case for appellant to see if there is any 
arguable ground that may be raised on appellant’s behalf.  See 
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because 
this is an appeal from the trial court’s adjudication of appellant’s 
deferred adjudication community supervision, our independent review for 
potential error is limited to jurisdictional defects and post-adjudication 
matters unrelated to appellant’s conviction.  See Nix v. State, 65 
S.W.3d 664, 667-68 (Tex. Crim. App. 2001); Vidaurri v. State, 49 S.W.3d 
880, 885 (Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661-62 
(Tex. Crim. App. 1999).  The trial court’s decision to adjudicate is not 
appealable.  Tex. Code Crim. Proc. 
Ann. art. 42.12, § 5(b) (Vernon Supp. 2004).
        Our 
independent review of the record reveals that counsel has correctly determined 
that there are no arguable grounds for relief.  There are no jurisdictional 
defects.  The information conferred jurisdiction on the trial court and 
provided appellant with sufficient notice to prepare a defense.  See 
Tex. Const. art. V, § 12(b); Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon Supp. 2004); Duron v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. 
App. 1997).  In addition, the trial court had jurisdiction to adjudicate 
appellant’s guilt and sentence her, and the sentence is within the punishment 
range for the adjudicated offense.  See Tex. Code Crim. Proc. Ann. arts. 4.05, 
42.12, § (5)(b); Tex. Penal Code Ann. 
§§ 12.33, 29.02 (Vernon 2003).
        Accordingly, 
we grant counsel’s motion to withdraw and affirm the trial court’s judgment.
 
 
                                                                  PER 
CURIAM
 
 
PANEL 
F:   CAYCE, C.J.; WALKER and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
July 8, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.