Dismissed and Memorandum Opinion filed August 12, 2004









Dismissed and Memorandum Opinion filed August 12,
2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00050-CR

____________

 

KEVIN TIRCUIT,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th District
Court

Harris County, Texas

Trial Court Cause No.
898,605

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of no contest to the offense of
attempted sexual assault.  In accordance
with the plea bargain, the trial court gave appellant 3 years deferred
adjudication probation, imposed a $500 fine, and ordered appellant to perform
300 hours of community service.  The
State subsequently moved to adjudicate guilt. 
On December 30, 2003, the trial court sentenced appellant to 5 years= confinement in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant filed a pro se notice of
appeal.  We dismiss.








Appellant=s appointed counsel filed a brief in which he concludes the
appeal is wholly frivolous and without merit. 
The brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396 (1967), presenting a professional evaluation of the
record demonstrating why there are no arguable grounds to be advanced.  See High v. State, 573 S.W.2d 807
(Tex. Crim. App. 1978).

A copy of counsel=s brief was delivered to
appellant.  Appellant was advised of the
right to examine the appellate record and file a pro se response.  See Stafford v. State, 813 S.W.2d 503,
510 (Tex. Crim. App. 1991). On July 29, 2004, appellant filed a pro se
response.

In cases involving plea bargains, Rule 25.2(a)(2) bars a
defendant from appealing nonjurisdictional errors occurring before and after
entry of his plea unless:  (1) the trial
court gives permission to appeal;  or (2)
the matter to be appealed was raised by written motion and ruled on before
trial.  Tex.
R. App. P. 25.2(a)(2); Brown v. State, 943 S.W.2d 35, 41 (Tex.
Crim. App. 1997).  As with other types of
cases, an appeal in a deferred adjudication case must meet the requirements of
Rule 25.2(a)(2), or the appellate court must dismiss the appeal for lack of
jurisdiction.  See Watson v. State,
924 S.W.2d 711, 715 (Tex. Crim. App. 1996). 
However, there is an exception to this rule.  The limitations of Rule 25.2 do not apply
when the defendant raises issues that do not challenge the conviction.  Vidaurri v. State, 49 S.W.3d 880, 885
(Tex. Crim. App.).  In Vidaurri,
the appellant claimed he was deprived of a separate punishment hearing after
his adjudication. Id. at 885. 
Because he was challenging the process by which he was sentenced, rather
than his conviction, the Court of Criminal Appeals held that the requirements
of Rule 25.2(a)(2) did not apply and the court of appeals could address this
claim.  Id.








Here, appellant entered a plea bargain with the State for
deferred adjudication.  He did not
receive permission to appeal and he is not appealing the denial of a written
motion filed and ruled on before trial. 
Thus,  we may entertain this
appeal only if appellant challenges the process by which he was sentenced
rather than the conviction.  A review of
appellant=s pro se response reveals that he is
not challenging the process by which he was sentenced, but instead challenges
the effectiveness of counsel during the adjudication and sentencing
process.  The requirements of Rule
25.2(a)(2) apply.  Because appellant is
not challenging the denial of a motion filed and ruled on before trial and
appellant was not given permission to appeal, we do not have jurisdiction to
entertain appellant=s complaint. 

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed August 12, 2004.

Panel consists of Justices
Anderson, Hudson, and Frost. 

Do Not Publish C Tex. R. App. P. 47.2(b).