Purcell v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-03-527-CR

        2-03-528-CR

BRIAN PATRICK PURCELL APPELLANT

V.

THE STATE OF TEXAS STATE 

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
------------

Brian Patrick Purcell appeals from the trial court’s judgments adjudicating his guilt for burglary of a habitation and robbery causing bodily injury.  We will affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in her professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Additionally, this court informed appellant that he may file a pro se brief, but he has failed to do so in a timely manner.

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and essentially to rebrief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because this is an appeal from the trial court’s adjudication of appellant’s deferred adjudication community supervision, our independent review for potential error is limited to jurisdictional defects and post-adjudication matters unrelated to appellant’s conviction.  
See Nix v. State,
 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); 
Vidaurri v. State,
 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); 
Manuel v. State,
 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).  The trial court’s decision to adjudicate is not appealable.  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004-05).

Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.  There are no jurisdictional defects.  The indictments conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12(b); 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon
 2005); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  In addition, the trial court had jurisdiction to adjudicate appellant’s guilt and sentence him, and the sentences are within the punishment range for the adjudicated offenses.  
See
 Tex. Code Crim. Proc. Ann.
 arts. 4.05, 42.12, § (5)(b); 
Tex. Penal Code Ann.
 §§ 12.33, 29.02, 30.02 (Vernon 2003).

Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s judgments.

PER CURIAM

PANEL F: CAYCE, C.J.; DAUPHINOT and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: April 7, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.