COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH 
NO. 
2-04-128-CR   
MARCUS LEE 
ELDER                                                              APPELLANT  

V.   

THE STATE OF 
TEXAS                                                                  STATE   

------------ 
FROM CRIMINAL DISTRICT COURT 
NO. 4 OF TARRANT COUNTY 
------------ 
MEMORANDUM 
OPINION[1] 
------------
        Appellant 
Marcus Lee Elder appeals the trial court’s judgment adjudicating his guilt for 
robbery by threats. We will affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion meet 
the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 
(1967), by presenting a professional evaluation of the record demonstrating why 
there are no reversible grounds on appeal and referencing any grounds that 
arguably might support the appeal. See Mays v. State, 904 S.W.2d 920, 
922-23 (Tex. App.—Fort Worth 1995, no pet.).
        Once 
appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on his behalf. See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991). Because appellant is appealing following 
the trial court’s adjudication of his guilt, our review is limited to 
jurisdictional defects and postadjudication matters unrelated to appellant’s 
conviction. See Nix v. State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 
2001); Vidaurri v. State, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); 
Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 
1999).
        Appellant’s 
counsel presents a discussion of a single potential source of error: whether the 
trial court abused its discretion by proceeding to adjudicate appellant’s guilt. 
Counsel concedes, however, that no appeal may be taken from this determination. 
See Tex. Code Crim. Proc. 
Ann. art. 42.12, § 5(b) (Vernon Supp. 2004-05). Therefore, we overrule 
appellate counsel’s potential source of error.
        Appellant 
has also filed a pro se brief in which he complains that the punishment assessed 
by the trial court of five years’ confinement is excessive. The punishment is, 
however, within the proper range for the adjudicated offense. See Tex. Penal Code Ann. §§ 12.33, 29.02 
(Vernon 2003) (providing that punishment range for second-degree felony offense 
of robbery by threats is 2-20 years and up to a $10,000 fine). Accordingly, we 
overrule appellant’s sole pro se point.
        In 
addition to the matters we have already addressed, our independent review of the 
record shows that there is no error that arguably might support an appeal or 
require reversal. There are no jurisdictional errors; the information conferred 
jurisdiction on the trial court and provided appellant with sufficient notice to 
prepare a defense. See Tex. 
Const. art. V, § 12(b); Tex. Code 
Crim. Proc. Ann. art. 4.05 (Vernon 2005); Duron v. State, 956 
S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
        Further, 
the trial court admonished appellant regarding the consequences of his plea of 
true to the allegations in the State’s motion to revoke his deferred 
adjudication community supervision, including the punishment range, and the 
record contains written plea admonishments, which appellant stated in open court 
that he had signed freely and voluntarily after discussing them with his 
attorney. Finally, the trial court allowed appellant to put on evidence in an 
attempt to mitigate his punishment. Therefore, having overruled appointed 
counsel’s potential ground for error as well as appellant’s pro se complaint, we 
grant appellate counsel’s motion to withdraw and affirm the trial court’s 
judgment. See Stafford, 813 S.W.2d at 511.
   
                                                                  PER 
CURIAM      
PANEL 
F:   CAYCE, C.J.; WALKER and MCCOY, 
JJ. 
DO NOT 
PUBLISH
Tex. R. App. P. 
47.2(b) 
DELIVERED: April 14, 
2005


 
NOTES
1.  See Tex. R. 
App. P. 47.4.