Elder v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-128-CR

MARCUS LEE ELDER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Marcus Lee Elder appeals the trial court’s judgment adjudicating his guilt for robbery by threats.  We will affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no reversible grounds on appeal and referencing any grounds that arguably might support the appeal.  
See Mays v. State
, 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because appellant is appealing following the trial court’s adjudication of his guilt, our review is limited to jurisdictional defects and postadjudication matters unrelated to appellant’s conviction.  
See Nix v. State,
 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); 
Vidaurri v. State,
 49 S.W.3d 880, 885 (Tex. Crim. App. 2001); 
Manuel v. State,
 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

Appellant’s counsel presents a discussion of a single potential source of error:  whether the trial court abused its discretion by proceeding to adjudicate appellant’s guilt.  Counsel concedes, however, that no appeal may be taken from this determination.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2004-05).  Therefore, we overrule appellate counsel’s potential source of error.

Appellant has also filed a pro se brief in which he complains that the punishment assessed by the trial court of five years’ confinement is excessive. The punishment is, however, within the proper range for the adjudicated offense.  
See
 
Tex. Penal Code Ann.
 §§ 12.33, 29.02 (Vernon 2003) (providing that punishment range for second-degree felony offense of robbery by threats is 2-20 years and up to a $10,000 fine).  Accordingly, we overrule appellant’s sole pro se point.

In addition to the matters we have already addressed, our independent review of the record shows that there is no error that arguably might support an appeal or require reversal.  There are no jurisdictional errors; the information conferred jurisdiction on the trial court and provided appellant with sufficient notice to prepare a defense.  
See
 Tex. Const. 
art. V, § 12(b); 
Tex. Code Crim. Proc. Ann. 
art. 4.05 (Vernon 
 2005); 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).

Further, the trial court admonished appellant regarding the consequences of his plea of true to the allegations in the State’s motion to revoke his deferred adjudication community supervision, including the punishment range, and the record contains written plea admonishments, which appellant stated in open court that he had signed freely and voluntarily after discussing them with his attorney.  Finally, the trial court allowed appellant to put on evidence in an attempt to mitigate his punishment.  Therefore, having overruled appointed counsel’s potential ground for error as well as appellant’s pro se complaint, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment.  
See Stafford
, 813 S.W.2d at 511
.

PER CURIAM

PANEL F: CAYCE, C.J.; WALKER and MCCOY, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED: April 14, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.