COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-271-CR

 

 

LYNN DALE THOMAS                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Lynn Dale Thomas has appealed
following his adjudication of guilt for attempted burglary of a
habitation.  We affirm.








Appellant=s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel avers that, in his professional opinion, this
appeal is frivolous.  Counsel=s brief and motion meet the requirements of Anders v. California,
386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of
the record demonstrating why there are no arguable grounds for relief.  Additionally, this court informed appellant
that he may file a pro se brief, but he has failed to do so.

Once an appellant=s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
and essentially to rebrief the case for appellant to see if there is any
arguable ground that may be raised on appellant=s behalf.  See Stafford v.
State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because this is an appeal from the trial
court=s adjudication of appellant=s deferred adjudication community supervision, our independent review
for potential error is limited to jurisdictional defects and post-adjudication
matters unrelated to appellant=s conviction.  See
Hargesheimer v. State, No. PD-1610-04, 2006 WL 120009, at *5 (Tex. Crim.
App. Jan. 18, 2006); Id. at *7 (Johnson, J., concurring); Nix v.
State, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001); Vidaurri v. State,
49 S.W.3d 880, 885 (Tex. Crim. App. 2001). 
The trial court=s decision
to adjudicate is not appealable.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2005); Hargesheimer, 2006 WL 120009, at *2,
5-6.

 








Our independent review of the
record reveals that counsel has correctly determined that there are no arguable
grounds for relief.  There are no
jurisdictional defects.  The indictment
conferred jurisdiction on the trial court and provided appellant with sufficient
notice to prepare a defense.  See Tex. Const. art. V, ' 12(b); Tex. Code Crim. Proc.
Ann. art. 4.05 (Vernon 2005); Duron
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).  In addition, the trial court had jurisdiction
to adjudicate appellant=s guilt and
sentence him, and the sentence is within the punishment range for the
adjudicated offense. See Tex.
Code Crim. Proc. Ann. arts. 4.05, 42.12, ' (5)(b); Tex. Penal Code Ann.
'' 12.34, 15.01(d), 30.02(c)(2) (Vernon 2003).

Accordingly, we grant counsel=s motion to withdraw and affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL
F:    CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 9, 2006

 

 











[1]See Tex. R. App. P. 47.4.