COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-06-067-CR

 

 

ERIC DEANDRE WILLIAMS                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








On July 13, 2004, Appellant Eric Deandre Williams pled
guilty to aggravated assault causing serious bodily injury and was placed on
two years deferred adjudication community supervision.  Later, the State filed a petition to
adjudicate, alleging as grounds the violation of a restraining order and the
failure to report to a probation officer. 
Upon his plea of true for failure to report to a probation officer, the
trial court adjudicated Williams guilty of the underlying charge of aggravated
assault causing serious bodily injury and sentenced him to eight years= confinement.  Williams=s court-appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In the brief,
counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel=s brief and motion
meet the requirements of Anders v. California by presenting a
professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  See Anders v. California, 386 U.S.
738, 87 S. Ct. 1396 (1967).  Additionally, Williams
was informed by his court-appointed appellate counsel that he could file a pro
se brief, but has failed to do so.

Once an appellant=s court-appointed
counsel files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders, we are obligated to undertake
an independent examination of the record and to essentially rebrief the case
for the appellant to see if there is any arguable ground that may be raised on
his behalf. See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).   








Our independent review for potential error is limited to
potential jurisdictional defects, potential errors not involving the decision
to adjudicate, and potential errors occurring after adjudication. See Tex.
Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2006); Nix v. State, 65 S.W.3d 664, 668B69 (Tex. Crim. App. 2001); Vidaurri v. State, 49 S.W.3d 880,
884B85 (Tex. Crim. App. 2001); Manuel v. State, 994 S.W.2d 658, 661
(Tex. Crim. App. 1999).  Our independent
review of the record reveals that counsel has correctly determined that there
are no arguable grounds for relief.








There are no jurisdictional errors; the trial court had
subject matter jurisdiction over this case. See Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon 2005). 
Furthermore, Williams waived indictment when he entered his guilty
plea.  The felony information conferred
jurisdiction on the trial court and gave Williams sufficient notice of the
charge against him.  See Tex. Const. art. V, ' 12(b); Studer v. State, 799 S.W.2d 263, 272B73 (Tex. Crim. App. 1990). 
The record also demonstrates that the trial court found sufficient
evidence to support the conviction.  See Nix, 65 S.W.3d at 668 n.14.  Additionally, Williams pled true to one of
the allegations in the petition to adjudicate; proof of just one allegation in
the petition to adjudicate is sufficient to support revocation.  See Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).  Williams was given the opportunity to offer
additional evidence on the issue of punishment, but did not do so.  The sentence assessed by the trial court is
within the statutorily permissible range for a second-degree felony.  See Tex. Penal Code Ann. ' 12.33(a) (Vernon 2003). 
Williams was also represented by counsel in all proceedings.

After independently reviewing the record, we therefore
agree with appellate counsel=s determination
that any appeal in this case would be frivolous.  Accordingly, we grant appellate counsel=s motion to
withdraw and

affirm
the trial court=s judgment.

 

 

PER CURIAM

 

PANEL F:    MCCOY,
HOLMAN, and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED:  October 5, 2006

 

 

 











[1]See Tex. R. App. P. 47.4.