COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-06-067-CR

ERIC DEANDRE WILLIAMS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

------------

On July 13, 2004, Appellant Eric Deandre Williams pled guilty to aggravated assault causing serious bodily injury and was placed on two years deferred adjudication community supervision.  Later, the State filed a petition to adjudicate, alleging as grounds the violation of a restraining order and the failure to report to a probation officer.  Upon his plea of true for failure to report to a probation officer, the trial court adjudicated Williams guilty of the underlying charge of aggravated assault causing serious bodily injury and sentenced him to eight years’
 confinement.  
Williams’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
 by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  
See Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967).
  Additionally, Williams was informed by his court-appointed appellate counsel that he could file a pro se brief, but has failed to do so.

Once an appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for the appellant to see if there is any arguable ground that may be raised on his behalf. 
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
  

Our independent review for potential error is limited to potential jurisdictional defects, potential errors not involving the decision to adjudicate, and potential errors occurring after adjudication. 
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (Vernon Supp. 2006); 
Nix v. State
, 65 S.W.3d 664, 668–69 (Tex. Crim. App. 2001);
 
Vidaurri v. State
, 49 S.W.3d 880, 884–85 (Tex. Crim. App. 2001); 
Manuel v. State
, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999).
  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.

There are no jurisdictional errors; the trial court had subject matter jurisdiction over this case. 
See
 Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005).
  Furthermore, Williams waived indictment when he entered his guilty plea.  The felony information conferred jurisdiction on the trial court and gave Williams sufficient notice of the charge against him.  
See
 
Tex. Const.
 art. V, § 12(b)
; 
Studer v. State
, 799 S.W.2d 263, 272–73 (Tex. Crim. App. 1990).
  The record also demonstrates that the trial court found sufficient evidence to support the conviction.  
See Nix
, 65 S.W.3d at 668 n.14.
  Additionally, Williams pled true to one of the allegations in the petition to adjudicate; proof of just one allegation in the petition to adjudicate is sufficient to support revocation. 
 See 
Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980).
  Williams was given the opportunity to offer additional evidence
 on the issue of punishment, but did not do so.  The sentence assessed by the trial court is within the
 statutorily permissible range for a second-degree felony.  
See
 
Tex. Penal Code Ann.
 § 12.33(a) (Vernon 2003).
  Williams was also represented by counsel in all proceedings.

After independently reviewing the record, we therefore agree with appellate counsel’s determination that any appeal in this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and

affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 5, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.