

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-23-00145-CR |
| EX PARTE | § | Appeal from the |
| JOSEPH RODRIGUEZ, | § | 210th Judicial District Court |
| Appellant. | § | of El Paso County, Texas |
| | § | (TC# 20190D03583) |

**<u>CONCURRING OPINION</u>**

I agree with the majority's conclusion that the trial court did not err in denying Rodriguez's petition based on his failure to preserve error. But I write separately on two procedural points.

First, I acknowledge that Rodriguez's appeal rights were limited. But in cases like this, where a defendant entered a guilty plea pursuant to a court-adopted plea bargain agreement that "did not exceed the punishment recommended by the prosecutor and agreed to by the defendant, a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial [or] (B) after getting the trial court's permission to appeal[.]" Tex. R. App. P. 25.2(2); *see also Hargesheimer v. State*, 182 S.W.3d 906, 909, 913 (Tex. Crim. App. 2006) (recognizing that a defendant who was placed on deferred adjudication community supervision as a form of "punishment" pursuant to a plea bargain agreement may only appeal the deferred

adjudication order in accordance with the provisions of Rule 25.2(A) and (B)). Although his appeal rights were restricted, Rodriguez still could have brought his constitutional challenges on direct appeal had he followed the Rule 25.2 provisions.[1] And nothing in the record reflects that he either filed a written motion raising an Eighth Amendment challenge to being prosecuted as an adult prior to entering his plea or that he sought permission to raise such a challenge on direct appeal from the order of deferred adjudication. Accordingly, to the extent Rodriguez is claiming the statutes permitting him to be prosecuted as an adult are unconstitutional (whether facially or as-applied), his petition is barred by Article 11.072(3)(a) because he did not raise the challenge on appeal.[2]

Second, to the extent Rodriguez contends he may face a sentence that violates the Eighth Amendment if the trial court revokes his deferred adjudication and he is convicted, that challenge is premature. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 919 (Tex. Crim. App. 2011) (holding that defendant's as-applied challenge to the death penalty statute was premature where he had not been convicted or sentenced to death). If and when Rodriguez is convicted and sentenced, he may

---

[1] After Rodriguez entered his guilty plea, the trial court imposed the "punishment" recommended by the State and agreed to by Rodriguez—an eight-year term of community supervision. Pursuant to the agreement, Rodriguez acknowledged and agreed he was waiving his right to appeal except in those instances specified by Rule 25.2. As Rodriguez does not claim his plea was entered unknowingly or involuntarily, his right to appeal is limited by Rule 25.2. *See Ex parte Broadway*, 301 S.W.3d 694, 697 (Tex. Crim. App. 2009) (en banc) (recognizing that "[a] waiver of the right to appeal made voluntarily, knowingly, and intelligently will prevent a defendant from appealing" except under the circumstances set forth in Rule 25.2).

[2] It is worth noting that there are certain claims a defendant may bring for the first time in an 11.072 writ where the claims, by their very nature, could not have been raised in a direct appeal, such as a claim that the defendant entered his plea involuntarily or unknowingly. *See, e.g.*, *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001) (en banc) (recognizing that although a plea-bargain defendant may not raise a claim that his plea was involuntary on direct appeal, he may raise the claim in a habeas petition).

appeal, not to challenge his conviction, but to raise a challenge that his sentence violates the Eighth

Amendment.[3]

LISA J. SOTO, Justice

April 22, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Soto, J., concurring

(Do Not Publish)

---

[3] *See Vidaurri v. State*, 49 S.W.3d 880, 885 (Tex. Crim. App. 2001) (en banc) (recognizing that a defendant whose deferred adjudication is revoked may appeal from any subsequent judgment of conviction and raise challenges to his sentence but not to the conviction itself); *see also Sheppard v. State*, No. 12-06-00227-CR, 2007 WL 1267777, at *1 n.1 (Tex. App.—Tyler May 2, 2007, pet. ref'd) (mem. op., not designated for publication) (recognizing that although a trial court's decision to adjudicate a defendant's guilt—in a case where defendant appealed his sentence following revocation of deferred adjudication community supervision—is not reviewable on appeal, he may appeal from a subsequent judgment of conviction and challenge any sentence imposed as being excessive under the Eighth Amendment) (citing former Tex. Code. Crim. Proc. Ann. art. 42.12 § 5(b), now found at Tex. Code Crim. Proc. Ann. art. 42A.110(a), providing "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal, continue as if the adjudication of guilt had not been deferred").